STEHLI SILKS CORPORATION, Plaintiff, *v.* JOHN **T.** DIAMOND and PETER BURGIESE, Defendants.

Supreme Court, New York Special Term, March, 1924.

Attachment — court has no authority to direct sheriff to break open safe deposit box held in name of defendant.

In an action in which a warrant of attachment has been granted the court has no authority to make an order giving the sheriff access to a safe deposit box held in the name of the defendant, and also giving him authority to break open said box.

MOTION to direct sheriff to break into safe deposit box to take possession of contents thereof under warrant of attachment.

*Bigham, Englar & Jones,* for plaintiff.

*Kaye, McDavitt & Scholer,* for Chatham and Phenix National Bank.

ERLANGER, J. No authority exists so far as I have been able to discover and none has been cited which will permit this court to make an order to give to the sheriff of New York county access to the safe deposit box held in the name of the defendant Diamond in the vault of the Chatham and Phenix National Bank and to

break open said box so that the sheriff might take into his possession the contents thereof under the warrant of attachment issued to him. It seems that a prior attachment was issued against the defendant Diamond and the bank gave a certificate to the deputy charged with the duty of executing the writ in this action, to that effect. This is not the case where a corporation holds property of a defendant in the writ. The box in the vault is under the absolute control of the one renting it, and the key is usually in his possession. To order the breaking open of the box involves the destruction of the property of another and the extent of the damage which might be done cannot be easily determined. The sheriff and the plaintiff under the Civil Practice Act have the right to maintain an action to recover attached property in the instances specified in sections 922, 943 and 944 of the Civil Practice Act. But no power seems to have been given to break into an inclosure in aid of the attachment, although that right is conferred where a chattel is sought to be replevined. Civ. Prac. Act, § 1100. If plaintiff is not content with the certificate obtained from the bank, it must look for its remedy under some provision of the law which will permit the sheriff to obtain physical possession of the contents of the box and even if he obtains it the senior attaching creditor is prior in right. Motion denied.

Ordered accordingly.