ABRAHAM SELTZER, Respondent, *v.* JACOB W. BLOCK, Appellant.

Supreme Court, Appellate Term, First Department, March 20, 1929.

*Max Lustig* [*Jacob W. Block* of counsel], for the appellant.

*Casper B. Ughetta* [*Wm. G. Walsh* of counsel], for the respondent.

LEVY, J. It appears that upon the return of the precept a verified answer was filed to the landlord's petition and the issue adjourned for trial. Thereupon, in behalf of the tenant, an adjournment was requested which was refused, and the justice below granted a final order by reason of the failure of the tenant to appear, without hearing any proofs.

Section 1428 of the Civil Practice Act provides that " The issues joined by the petition and answer must be tried by the judge or justice  *  *  *." In *Brill* v. *Norkett* (84 N. Y. Supp. 142) the answer denied the allegations of the petition except as to the demand for the sum of $500 rent. This court held on appeal that it was error to grant a final order, in the absence of proof that the rent claimed in the petition, or in any event, that some rent was due. In *Mann* v. *Hefter* (125 N. Y. Supp. 1104) a final order was again reversed by this court, where the court below granted the same without hearing the allegations of the petition, which had been put in issue by the answer. In that case the facts were very similar to those in the instant one, the tenant having applied unsuccessfully for an adjournment of the trial, and the court having awarded a final order to the landlord without an inquest.

True it is that section 1430 of the Civil Practice Act, which, substantially, is a re-enactment of section 2249 of the Code of Civil Procedure, states that "If sufficient cause is not shown upon the *return* of the precept * * * the judge or justice must make a final order awarding to the petitioner the delivery of the possession of the property." But this provision, obviously, does not apply where an *answer has been interposed* which denies material allegations of the petition. Thus, in *People ex rel. Allen* v. *Murray* (2 Misc. 152) McADAM, J., had pointed out below (at p. 155) that " The phrase ' sufficient cause,' to the contrary, means some legal reason why the order should not be made, *such as the filing of an answer creating an issue*, or the discovery of objections fatal to the proceeding or the jurisdiction of the magistrate." (Italics mine.) On appeal, the General Term of the Superior Court said (at p. 159): " If sufficient cause is not shown on the *return* of the precept (*which includes a case in which no answer is filed by the tenant*), the justice, under section 2249, must make the final order, and under section 2251, must issue his warrant." (Italics mine.)

It is clear that both the lower court and the appellate tribunal took the view that a final order, in the absence of proof, could not be granted where an answer had been filed. In *Peer* v. *O'Leary* (8 Misc. 350) the court declared that " where default is made on the return of the precept," the landlord is entitled to a final order without any further proof. In the case at bar, however, a verified answer had been interposed, and it was accordingly error, without an inquest, to award the possession of the property to the landlord.

Order reversed, with ten dollars costs to appellant to abide the event, final order vacated and proceeding set for trial on the 21st day of March, 1929.

All concur; present, BIJUR, LEVY and CRAIN, JJ.