Irving Landau et al., Individually and as Copartners Doing Business as Banner Pad Co., Plaintiffs, v. Browntree Manufacturing Co., Inc., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, June 8, 1950.

*Solomon Badesch* and *Joseph Polly* for plaintiffs.

Wahl, J. This is an ex parte application submitted on June 7, 1950, by the attorney for the plaintiff at Special Term, Part 2, wherein an order is sought directing, authorizing and empowering a city marshal to force an entrance into business premises in a building in the borough of Manhattan by forcing the lock or door, or both, or by any other forceful means so as to gain entry into the premises and proceed with a levy upon property belonging to the defendant under an execution issued upon a judgment in the above-captioned action.

The affidavits and papers submitted with the proposed order indicate that on May 31, 1950, a judgment for the sum of $562.64 was entered in the office of the clerk of this court, and on the same day an execution was duly issued to the city marshal.

The defendant is engaged in the dress manufacturing business and occupies a large loft wherein certain machines, fixtures and merchandise are located. It further appears that on June 1st, and thereafter, and to this very moment, the premises have been under lock and key; and though a levy had been posted, the mar-

shal·has been unable to gain admittance. An officer of the defendant corporation was requested to appear at the premises and open the same so as to permit the marshal to make a formal levy and inventory, but the said officer maintained that he did not have the keys.

The attorney for the plaintiff herein feelingly informed the court that although he requested the marshal to force entry and make a levy, the marshal has refused to proceed on the ground that the Mayor — whether the present incumbent or his predecessor, it does not appear — instructed the city marshals not to break open any lock or door without an order of this court. In fact, independent inquiry has indicated the probability of the existence of a directive or order of this nature issued to the marshals by one of the commissioners appointed by the Chief Magistrate of this city.

Many of these applications have heretofore been made and frequently denied. Therefore it has become necessary to clarify this situation, and perhaps it may curtail the usual controversy between the attorney and the marshal.

Of course in a situation where there is doubt as to the ownership of the property or occupancy of the premises, the marshal may demand insurance by indemnification or positive assurance that no wrongful act will be committed; in the present case there seems to be no doubt of the occupancy of the premises by the defendant and the ownership, seemingly, of the property.

The relationship of a marshal to the Municipal Court is substantially similar to that of the sheriff to the Supreme Court. All writs and processes issued out of the Municipal Court for execution are issued to a marshal. The position of a marshal is of ancient origin; indeed, it is reputed to be as old as the court itself. This concept was brought over by the Dutch from Holland at the time of the settlement of New Amsterdam, and was introduced by them into this community. (See Lauer on Municipal Court Practice [2d ed.], § 47, p. 127.) Perhaps it may not be amiss to suggest to these important adjuncts to this court, the marshals, to peruse once more " Knickerbocker's History of New York " so that they may thereby gain confidence from their early predecessors in office.

" 2. Whenever any judgments pronounced  *  *  *  are placed in his hands, he shall  *  *  *  put them into execution in the most speedy and diligent manner,  *  *  *  but with all discretion  *  *  *. 3. He shall not directly or indirectly be at liberty to receive any gifts or presents, either through the third or fourth hand, to the injury of the right of those interested or for

the delay of execution. * * * 12. The Marshall shall, after the sale of the property and the receipt of the proceeds, hand over, without delay, to the successful party the money belonging to him, first deducting his fees.'' (Ordinance of the Director and Council of New Netherland, Feb. 6, 1655.) (O'Callaghan, Laws and Ordinances of New Netherlands, p. 186.)

Section 151 of the New York City Municipal Court Code provides: '' The authority of a marshal extends throughout the city of New York. Except as otherwise prescribed in this act or in the rules, every execution, order of arrest, warrant of attachment, requisition to replevy, warrant of seizure, or other mandate of the court shall be served and executed by a marshal, and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property, shall apply to marshal * * *.''

Section 75 of the New York City Municipal Court Code provides: '' For the purpose of seizing a chattel by virtue of an execution, the power of a marshal is the same as where he is required to replevy a chattel. ''

Section 1100 of the Civil Practice Act provides: '' *How chattel to be replevied.* * * * If any chattel described in the affidavit is secured or concealed in a building or inclosure, the sheriff must publicly demand its delivery. If it is not delivered pursuant to the demand, he must cause the building or inclosure to be broken open and must take the chattel into his possession. ''

The right to break into an inclosure is given where a chattel is sought to be replevied under section 1100 of the Civil Practice Act. (See *Stehli Silks Corp.* v. *Diamond,* 122 Misc. 666.) '' In the case of the execution of a requisition to replevy, a warrant of seizure, or a writ of execution issued after judgment, and in these cases only, may a marshal break into a building for the purpose of executing his writ of process. '' (Lauer on Municipal Court Practice [2d ed.], § 57, p. 139; *United States* v. *Graff,* 67 Barb. 304.)

Therefore, with due deference to all the city officials, past and present, it is my opinion that the clear intent of the Legislature as expressed in the pertinent sections of the New York City Municipal Court Code and the Civil Practice Act has greater force than any directive or order.

An abundance of caution may do no harm generally, but there is no need for the delay on the part of the marshal. It is the marshal's duty to carry into effect the mandate of this court. In a matter of this kind it is important that *a verbis legis non est recedendum.* (See Broom's Legal Maxims [10th ed.], p. 422.)

Application denied.