Allen Murray Myers, J.
The motion in this case raises issues which require discussion, if for no other reason than to point out to counsel that in challenging or defending procedure followed in a Civil Court action, reference should be made to the provisions-of the New York City Civil Court Act (which neither attorney has cited in the briefs).
Respondent, who appeared and filed an answer in this summary proceeding for the nonpayment óf rent, failed to appear on the trial date. A final judgment was entered against him awarding petitioner the amount of rent due and the possession of the premises with a five-day stay of issuance of the warrant to and including May 8, 1974. On May 8, 1974, the Marshal levied upon respondent’s. property to enforce the money judgment, but never executed the warrant for possession.
Respondent now moves for an order 1. Vacating the default judgment and setting the matter down for trial. 2. Vacating and setting aside all execution proceedings including the Marshal’s levy. 3. Staying the Marshal’s sale scheduled for May 17, 1974. 4. Directing the Marshal to return all property seized by the Marshal from his home on or about May 8, 1974. 5. Motion costs.
That portion of the motion seeking to vacate the default and set the matter down for trial is denied. While CPLR 5015 (subd. [a], par. 1) permits the vacatur of an excusable default, in order to prevail the defaulting party must show a valid excuse, the absence of wilfulness and a meritorious defense which is not established by mere allegations in conclusory form (Wall v. Bennett, 33 A D 2d 827). Respondent’s bare allegation that he was “ ill ” on the trial date is not a sufficient excuse for his default and his statement that “ There are conditions in my apartment sufficient to entitle me to a stay of the proceedings under RPAPL 755, or an abatement of rent under the common law theory of breach of warranty of habitability ” and “ I *389 "originally interposed a counterclaim against my landlord for damage to my property for his failure to repair ” are bald statements in conclusory form without any evidentiary facts to support them.
Respondent’s argument that the default judgment was improperly entered and therefore should be set aside is similarly without merit. The final judgment herein is on a form entitled “ Decision and Final Judgment of Possession Upon Respondent’s Failure to Appear for Trial ” and not on a form entitled “ Final Judgment After Trial ” as alleged by respondent’s attorney. Default judgments in the Civil Court are governed by section 1402 of the CCA which specifically states that default judgments in this court “ may be entered as provided in CPLR Sec. 3215.” No trial by the court is required on an inquest in an action where the claim is for a liquidated amount (CPLR 3215, subd. [a]). I can find no section in the Real Property Actions and Proceedings Law which would supersede the CPLR or Civil Court Act provisions with respect to default judgments in summary proceedings. While it is true that where triable issues of fact are raised there must be a trial (Real Property Actions and Proceedings Law, ■ § 745) that does not preclude the entry of a default judgment when á party fails to appear on the trial date, notwithstanding the fact that an answer has been interposed. Default judgments do require proof of the claim as respondent’s counsel argues, but the nature of the proof is governed by CPLR 3215 (subd. [e]).
I have read the cases cited by respondent on this issue and find that only two are in point (Mann v. Hefter, 125 N. Y. S. 1104; Seltzer v. Bloch, 133 Misc. 842) but they are not inconsistent with CPLR 3215 (subd. [e]) requiring proof on a default judgment. That section provides that “ where a verified complaint has been served it may be used as the affidavit of the facts constituting the claim -and the amount due ”. In a summary proceeding for the nonpayment of rent the petition, which is verified and states the facts upon which the claim is based and the amount due, takes the place of a verified complaint. The procedure followed on this default has been the established practice of this court and is valid.
Respondent claims that the execution and levy was invalid oil two grounds — first, that a Marshal cannot execute on a money judgment by trespassing on the judgment debtor’s property and second, that the Marshal could not execute and levy on the money judgment prior to the expiration of the stay of the issuance, of the warrant.
*390 Executions in the Civil Court are governed by article 15 of the Civil Court Act and may be directed either to a Marshal or Sheriff (CCA, § 1504). A Marshal’s authority is the same as that of the Sheriff (CCA, § 1609). A Sheriff may, if the ordei of seizure so provides, “ break open, enter and search for the chattel in the place where the chattel may be and take the chattel into his possession ” (CPLR 7110; Landau v. Browntree Mfg. Co., 197 Misc. 940). Thus if there is a lawful order of seizure and the seizure is within the prescribed time, the Marshal may trespass upon the judgment debtor’s property to seize the chattel.
However the Marshal in this case had no right to execute on the money judgment herein. Section 1507 of the Civil Court Act specifically provides: “No levy shall be made on the property of a tenant dispossessed for non-payment of rent under any execution within twenty-four hours of the time of dispossess, if the property of which the tenant is being dispossessed was his residence.”
Since the stay of the issuance of the warrant had not expired - and the tenant was not dispossessed, the execution was contrary to law irrespective of the issue of whether the stay of the issuance of the warrant also effected a stay of the execution of the money judgment. Accordingly, all execution proceedings including the Marshal’s levy and notice of sale to enforce the judgment herein are null and void, vacated and set aside and the Marshal is directed to forthwith return to respondent all property seized from his home on May 8, 1974.
The application for motion costs is denied.