J. Paul Kolodziej, Esq. City Attorney, Gloversville
I am writing in response to your request for an Attorney General's opinion as to whether the duties assigned to a city marshal by statute may be performed by a city police officer on active duty and whether that officer may collect the fees authorized by the statute.
Under the Uniform City Court Act (UCCA), mandates of the city court are executed and carried out by the court's enforcement officers:
 "Enforcement officers; police officers. The enforcement officers of the court shall perform the same duties as are performed by sheriffs in courts of record and shall have, within their territorial jurisdiction and subject to any limitations imposed by this act or by other provision of law, such power to serve and execute the processes and mandates of the court as a sheriff has with regard to the processes and mandates of the supreme court. They shall also, have, within their territorial jurisdiction, all of the powers in criminal matters of a constable of a town in the state of New York. It shall also be the duty of the police officers of the city to execute all criminal processes and mandates of the court. Neither an enforcement officer nor a police officer shall receive any fee or compensation for the service or execution of any criminal process or mandate issued out of the court" (UCCA, § 105[b]; see article 80 of the CPLR for the relevant duties of a county sheriff). The UCCA provides for mandates of the city court to be carried out by the court's enforcement officers and explicitly prohibits receipt of fees by these persons (ibid.). We have found no provision of State law dealing with creation or retention of the office of city marshal. You have indicated that there is no such provision in the city charter. Therefore, there is no reason why a city could not abolish the office and use police officers or some other enforcement officer to carry out city court mandates as authorized by section 105(b) of the UCCA.
Specifically you inquire whether the city may use its police officers in place of the marshal for purposes of eviction proceedings. Section749 of the Real Property Actions and Proceedings Law (RPAPL) refers to city marshals and charges them with certain duties in eviction proceedings:
 "Upon rendering a final judgment for petitioner, the court shall issue a warrant directed to the sheriff of the county or to any constable or marshal of the city in which the property, or a portion thereof, is situated, or, if it is not situated in a city, to any constable of any town in the county, describing the property, and commanding the officer to remove all persons, and, except where the case is within section 715, to put the petitioner into full possession" (RPAPL, § 749[1]; see Yeh v Seakan, 119 Misc.2d 681
[Sup Ct, Oneida Co, 1983]; Matter of Altman v Joffe, 138 Misc. 745 [Sup Ct, Bronx Co, 1931]).
We do not believe, however, that section 749 authorizes marshals to execute eviction warrants to the exclusion of other city officials.
The office of marshal is an ancient one, and has been described as being in existence when the Dutch first settled New York (54 N Y Jur, Sheriffs, Constables, and Police, § 12). The relationship of the marshal to the city court is substantially similar to that of the sheriff to Supreme Court, that is, he is responsible for executing all writs and processes issued by the city court judge (Landau v BrowntreeManufacturing, Inc., 197 Misc. 940, 941 [NYC Municipal Ct, 1950]). There is no indication that the city marshal is the only official who can carry out city court mandates. Section 749 was in effect when the UCCA became effective in 1965 (L 1964, ch 497). Section 105 of the UCCA lists the powers of the city court's "enforcement officer" without requiring that the officer hold the title of city marshal, or any other specific title. Furthermore, the enforcement officer's list of duties under section 105 also includes the execution of city court eviction orders. Section 105(b) provides that the enforcement officer has "such power to execute the processes and mandates of the court as a sheriff has with regard to the processes and mandates of the Supreme Court". Under RPAPL, § 749, the sheriff is responsible for carrying out Supreme Court eviction warrants (RPAPL, § 749[1]).
We believe the latitude granted by the UCCA is wide enough to allow a city court to utilize its police officers for the execution of its orders. RPAPL, § 749 was in effect, and presumably contemplated by the Legislature, at the time section 105 of the UCCA was enacted.
We conclude that a city may authorize its police officers to execute the eviction mandates issued by its city court under Real Property Actions and Proceedings Law, § 749.