Jasen, J.
In August, 1971, Judy Blye took up residence at the Van Rensselaer Hotel in Manhattan. In October "of that year, she was locked out of her room for nonpayment of one week’s hotel charges amounting to $60.60. Pursuant to the innkeeper’s lien law (Lien Law, § 181[1]), the hotel summarily seized her personal property (valued by her at about $700) without notice and without an opportunity for a hearing. She was left with only the clothes she was wearing, her purse with some personal identification, and small change.
An action was then commenced seeking a declaratory judgment of the unconstitutionality of section 181 of the Lien Law, a permanent injunction and damages for mental distress. Special Term dismissed the action on the authority of Waters & Co. v. Gerard (189 N. Y. 302), and the Appellate Division unanimously affirmed. The appeal is before us as of right on constitutional grounds. (CPLR 5601, subd. [b], par. I.)[2]
Plaintiff asks that we reconsider our holding in the Gerard case (supra), wherein the predecessor of section 181 of the Lien Law was upheld against a due process challenge. We are also urged to hold that section 181 is violative of the constitutional guarantees against unreasonable searches and seizures.
*19 We conclude that section 181 of the Lien Law is irreconcilable with evolving concepts of due process and is unconstitutional. Insofar as Gerard holds to the contrary, it is overruled. On this view, we do not reach the search and seizure question.
Preliminarily, there is the issue of mootness. At the request of the Attorney-General, plaintiff’s property was returned to her several months after filing of the complaint. While it is true that the return of the property renders the claim for injunctive relief academic, there is an issue remaining — the claim for money damages. Adjudication of that claim turns on resolution of the constitutional questions. The due process and search and seizure issues are, therefore, “live” and the controversy justiciable. (See Powell v. McCormack, 395 U. S. 486, 496-497; Collins v. Viceroy Hotel Corp., 338 F. Supp. 390, 392-393 [invalidating Illinois innkeeper’s lien law on due process grounds]; Klim v. Jones, 315 F. Supp. 109, 117 [invalidating California innkeeper’s lien law on due process grounds].) Moreover, it is well-settled that judicial reluctance to decide questions which need not be reached should yield when, as here, important constitutional issues are raised and the controversy is of a kind likely to recur. (Matter of Concord Realty Co. v. City of New York, 30 N Y 2d 308, 312-313; Matter of Oliver v. Postel, 30 N Y 2d 171,177-178; Matter of Gold v. Lomenzo, 29 N Y 2d 468, 475-476; Matter of Bell v. Waterfront Comm., 20 N Y 2d 54, 61; East Meadow Community Concerts Assn. v. Board of Educ., 18 N Y 2d 129,133,135.)
Turning to the contention that this summary remedy denies due process, we note that plaintiff’s property was not seized by a State official, but by private persons — i.e., hotel personnel, acting pursuant to State law. The threshold question is, therefore, whether the requisite “ State action” is present.
It is clear that private conduct will not invoke the constitutional guarantees of due process. But it is equally without doubt that, in some circumstances, the actions of a private citizen can become the actions of the State for purposes of the due process clause. (Adickes v. Kress & Co., 398 U. S. 144, 169-171; Burton v. Wilmington Parking Auth., 365 U. S. 715, 722.) For instance, State action, or action under color of State *20 law, has been readily found in racial discrimination cases. (E.g., Reitman v. Mulkey, 387 U. S. 369; Shelley v. Kraemer, 334 U. S. 1; see, generally, Honan, Law and Social Change; The Dynamics of the “State Action” Doctrine, 17 J. Pub. L. 258; Comment, Current Developments in State Action and Equal Protection of the Law, 4 Conzaga L. Rev. 233.) And in recent years, another theory of State action has emerged. It holds that the actions of private persons, when performing traditionally public functions, may be attributed to the State for purposes of the Fourteenth Amendment. (E.g., Hall v. Garson, 430 F. 2d 430, 439 [5th Cir.]; Barber v. Bader, 350 F. Supp. 183, 189 [S. D. Fla.]; Collins v. Viceroy Hotel Corp., 338 F. Supp. 390, supra; Adams v. Egley, 338 F. Supp. 614, 617 [S. D. Cal.]; Klim v. Jones, 315 F. Supp. 109, supra; see, also, Hernandez v. European Auto Collision, 346 F. Supp. 313, 317, n. 4 [E. D. N. Y.]; but see Kirksey v. Theilig, 351 F. Supp. 727 [D. Col.].)
In this State, the execution of a lien, be it a conventional security interest (Lien Law, § 207), a writ of attachment (CPLR art. 62), or a judgment lien (CPLR art. 52) traditionally has been the function of the Sheriff. On this view, “ State action ” can be found in an innkeeper’s execution on his own lien. (Collins v. Viceroy Hotel Corp., supra; Klim v. Jones, supra; cf. Hall v. Garson, 430 F. 2d, at p. 439.) Then, too, it cannot be gainsaid that innkeepers are possessed of certain powers by virtue of section 181 of the Lien Law. By that token, their actions are clothed with the authority of State law (United States v. Classic, 313 U. S. 299, 326) and their actions may be said to be those of the State for purposes of the due process clauses.[3]
Procedural due process requires notice and an opportunity for a hearing before the State may deprive a person of a possessory interest in his property. (Sniadach v. Family Finance Corp., 395 U. S. 337; Fuentes v. Shevin, 407 U. S. 67, 80-84; Boddie v. Connecticut, 401 U. S. 371, 378-379.) The *21 protection is not limited to necessaries (Fuentes v. Shevin, supra, at pp. 88-90), although the relative weight of the property interest involved may be relevant to the form of notice and hearing required by due process. Nor does the availability of the right turn on the relative degree of permanence of the deprivation, nor may it be defeated by provision for recovery of the property. Only an extraordinary or, truly unusual situation will justify postponing notice and opportunity for a hearing. (Fuentes v. Shevin, supra, at p. 90; Boddie v. Connecticut, supra, at pp. 378-379.) Thus, for example, summary seizure may be permissible where necessary to secure an important governmental or general public interest or where the need for prompt action is paramount. (Smadach v. Family Finance Corp., supra, at p. 339; Fuentes v. Shevin, supra, at p. 90; Boddie v. Connecticut, supra, at p. 379.)
It cannot be said that the statute before us serves such an important governmental or general public interest. As the Supreme Court noted in an analogous context in Fuentes (at p. 92), “no more than private gain is directly at stake.” And as this case well illustrates, summary seizure of a guest’s property may deprive him of the sum of his possessions. Consequently, it may affect his ability to hold a job, making him a burden to family or friends, or perhaps even a public charge.
Practically speaking, it is difficult to perceive how this statute affords the innkeeper any real protection against the transient intent on absconding and defaulting on his bill. Rather, the statute falls hardest on people such as this plaintiff who work in the community and make their residence at a hotel or other like establishment. With respect to this class of persons at least, the extraordinary remedy of summary seizure is especially harsh, oppressive, and, it would seem unnecessary. Nor does this statute limit summary seizure to those extraordinary situations necessitating prompt action — e.g., to secure the creditor’s interest in obtaining jurisdiction for purposes of bringing a nonpayment suit or in preventing the debtor from removing or concealing his property to prevent future execution on any judgment that might be obtained. (See Ownbey v. Morgan, 256 U. S. 94.) The fact is that the statutory scheme does not contemplate the bringing of a nonpayment suit, nor any judicial determina *22 tian, pre or post seizure, of the validity of the keeper’s claim.[4] The statute sweeps broadly and, as a matter of course, permits the unchecked summary seizure of a guest’s property without regard to the validity of the particular claim and without regard to whether the particular guest is likely to remove or conceal himself and his property if given notice and opportunity for a hearing. In resolving the conflicting interests and in light of the feasible alternatives[5] , we believe the guest’s interest in possession and use of his property outweighs the innkeeper’s interest in summarily seizing that property to secure the payment of charges.[6]
Conditioning the innkeeper’s lien with procedural due process safeguards will not destroy it or leave the keeper at the mercy of the defaulting guest. The keeper’s right under the Lien Law to seize a defaulting guest’s- property and to sell it at public auction (and the State’s power to confer that right) is not questioned. All that is necessary is that the fundamentals of due process be observed. This imports that, absent extraordinary circumstances, the guest be afforded notice and the opportunity to be heard before being deprived of the possession of his property.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the innkeeper’s lien law declared unconstitutional.
Chief Judge Ftjld and Judges Btjbke, Jones and Wachtleb concur with Judge Jasen ; Judges Bbeitel and Gtábbielli dissent *23 and vote to dismiss the appeal as moot in the following memorandum: Neither in the present case nor from a consideration of the incidence of litigation in this area does there appear to be an issue of recurring or public interest. The property having been returned to this particular plaintiff, the issue is wholly mooted and the striking down of the ancient statute accomplished without any submission of the practical impact if it be preserved or if it be stricken as unconstitutional.
Order reversed, etc.

. “ § 181. Liens of hotel, apartment hotel, inn, boarding, rooming and lodging house keepers.— A keeper of a hotel, apartment hotel, inn, boarding house, rooming house or lodging house, except an emigrant lodging house, has a lien upon, while in possession, and may detain the baggage and other property brought upon his premises by a guest, boarder, roomer or lodger for the proper charges due from him, on account of his accommodation, board, room and lodging, and such extras as are furnished at his request. If the keeper of such hotel, apartment hotel, inn, boarding, rooming or lodging house knew that the property brought upon his premises was not, when brought, legally in possession of such guest, boarder, roomer or lodger, or had notice that such property was not then the property of such guest, boarder, roomer or lodger, a lien thereon does not exist. An apartment hotel within the meaning of this section includes a hotel wherein apartments are rented for fixed periods of time, either furnished or unfurnished, to the occupants of which the keeper of such hotel supplies food, if required. A guest of an apartment hotel, within the meaning of this section, includes each and every person who is a member of the family of the tenant of an apartment therein, and for whose support such tenant is legally liable.”

. Plaintiff’s direct appeal was dismissed upon the ground that it presented questions other than the constitutionality of the statute. (30 N Y 2d 749.)

. Note that in the Sniadach case (395 U. S. 337, infra), where State action was necessarily found, the only intervention of a State official was purely ministerial — ■ i.e., issuance of the summons by the court clerk. The creditor’s attorney served the garnishee, setting in motion the machinery whereby the wages were frozen.

. See Lien Law (§ 181) and General Business Law (§§ 207, 208). The statutory scheme allows for summary seizure without notice and without opportunity for a hearing, before or after seizure. The actual sale, however, must be preceded by notice. (General Business Law, §§ 207, 208.)

. Several alternatives have been suggested, including a requirement for advance payment,

. The innkeeper’s lien is, after all, a “ hangover from bygone days ” (Fuentes v. Shevin, supra, at p. 103 [White, J., dissenting]) when innkeepers had a duty to accept all guests who came to their door and an absolute duty of care with respect to the guest’s property. (G. Navagh, A New Look at the Liability of Inn Keepers for Guest Property under New York Law, 25 Fordham L. Rev. 62, 63.) In light of his high duty of care, the innkeeper was given a lien on the property of his guest for reasonable charges. That absolute duty of care has long since been abrogated by statute (General Business Law, §§ 200-203-a), but the innkeeper’s lien has survived unabated.