■ In the Matter of ALFRED COLLINS, Respondent, v NORMAN STEISEL, as Commissioner of the New York City Department of Sanitation, et al., Appellants, and KERSHEN FURNITURE Co., INC., Respondent. — In a proceeding pursuant to CPLR article 78 to compel the return of certain property, the appeal is from a judgment of the Supreme Court, Kings County (Lodato, J.), dated January 8, 1981, which, *inter alia,* declared that sections 2, 3, 4, 5 and 6 of the New York City Board of Estimate's Resolution No. 57 are unconstitutional insofar as these sections authorize the sale at a public auction of

property belonging to another without providing the owner thereof an opportunity for a judicial hearing prior to the sale. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the appellants are directed to either restore petitioner to the possession of his property, or to pay him the reasonable value thereof. The matter is remitted to the Supreme Court, Kings County, for a hearing to determine the manner of restitution which shall be made to petitioner, and, pending the final outcome in this matter, Kershen Furniture Co., Inc., is stayed from disposing of any of the subject property. Section 755(4)-3.0 of the New York City Administrative Code authorizes the Commissioner of Sanitation to remove and dispose of incumbrances found in the city's streets in accordance with regulations adopted by the Board of Estimate. By Board of Estimate Resolution Cal. No. 57, the Commissioner of Sanitation is directed to hold such property in a warehouse or other suitable place for 30 days in the case of any property except an automobile and to relinquish it to its owner should it be redeemed within such period upon the payment of a redemption fee and proof of either ownership or a possessory right to such property. Sale of the property at auction pursuant to certain notice requirements is then permitted as to such property "with respect to which no claimant has presented to the Commissioner's * * * satisfaction" proof of ownership or a possessory right within said time period (Board of Estimate Resolution Cal. No. 57, § 3). There is no procedure established in this resolution which authorizes the sale of property which has been claimed, but not removed. At bar, petitioner's personal property came into the possession of the appellants as a result of his eviction from his apartment. He appeared within the 30-day period on two different occasions to identify said property; his ownership thereof is not in question. On the first occasion, he paid a redemption fee and removed some of his clothing. On the second occasion he paid a redemption fee and obtained an extension of time within which he had to remove the remainder of his property. After a specified date, petitioner was required to pay a $2 a day storage fee. Thereafter, when petitioner did not appear to remove his property, it was auctioned off by the appellants pursuant to the provisions of Resolution Cal. No. 57. Some of petitioner's property was purchased by and is in possession of the Kershen Furniture Co., Inc. Special Term converted this article 78 proceeding into an action for a declaratory judgment and granted summary judgment to petitioner to the extent of declaring certain provisions of Resolution Cal. No. 57 unconstitutional in that they failed to provide for an opportunity to be heard before property is disposed of at auction. The court relied upon, and analogized this case to, *inter alia, Svendsen v Smith's Moving & Trucking Co.* (76 AD2d 504, affd 54 NY2d 865) and *Blye v Globe-Wernicke Realty Co.* (33 NY2d 15), both of which held certain lien laws to be lacking in due process and therefore unconstitutional because they allowed the lienor to seize the debtor's property and sell it to satisfy his debt, ex parte, without any opportunity to establish the validity of the debts. It is our opinion that once the petitioner appeared to identify and redeem his property, the Commissioner of Sanitation was no longer authorized by Resolution Cal. No. 57 to sell such property and that he became, vis-à-vis the petitioner, a warehouseman with the same rights and remedies thereof. Accordingly, he acted beyond his authority and petitioner should be made whole by either having his property returned to him, or being paid the reasonable value thereof. Since the action taken by appellants in regard to petitioner's property was not properly within the scope of Resolution Cal. No. 57, we find it unnecessary and inappropriate to reach the constitutional question determined by Special Term. We would, however, note that assuming the applicability of Resolution Cal. No. 57, we are not convinced that the cases hereinabove mentioned, relied upon by Special Term, present statu-

tory schemes or situations which are analogous to that *sub judice*. Gibbons, J. P., Weinstein, Bracken and Boyers, JJ., concur.