**Dolores K. DEARY and Harvey London, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**GUARDIAN LOAN COMPANY, INC., Chase Manhattan Bank, N.A., Mullooly Jeffrey, Rooney & Flynn, Citibank N.A., European-American Bank, Chemical Bank, Sennet & Krumoltz, Lawrence H. Cooke, Chief Judge and the New York Court of Appeals, the Administrative Board of the New York Courts and Herbert B. Evans, Chief Administrative Judge of the United Court System of New York, Muriel Siebert, Superintendent of Banks, Defendants.**

**No. 80 Civ. 1976(MEL).**

United States District Court,
S.D. New York.

Nov. 12, 1982.

Toby Golick, Legal Services for the Elderly, New York City, Jane G. Stevens, Brooklyn Legal Services Corp. B., Brooklyn, N.Y., for plaintiffs.

Mullooly, Jeffrey, Rooney & Flynn, Carle Place, N.Y., pro se and for Guardian Loan Co., Inc.

Andrew S. O'Connor, New York City, for Chase Manhattan Bank, N.A.; Richard K. Matanle, II, New York City, of counsel.

Shearman & Sterling, New York City, for Citibank, N.A.

Sahn, Shapiro & Epstein, New York City, for European-American Bank.

John B. Wynne, New York City, for Chemical Bank.

Sennett & Krumholz, New York City, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for Lawrence Cooke, Chief Judge, Herbert B. Evans, Chief Administrative Judge of the United Court System of New York, and Muriel Siebert, Superintendent of Banks; Jeffrey Slonim, Asst. Atty. Gen., New York City, of counsel.

LASKER, District Judge.

On March 2, 1982, a decision was entered certifying a plaintiff class and declaring unconstitutional use of New York's post-judgment restraint, execution and levy procedures. 534 F.Supp. 1178. Entry of judgment was postponed pending the enactment of New York State legislation then under consideration. On September 1, 1982, a new law went into effect, Chapter 882 of the 1982 Laws of New York, amending C.P.L.R. §§ 5222, 5232 and 5234. The new statute provides for a required notice to judgment debtors of a partial list of exemptions and of the availability of a legal proceeding for asserting the exemptions.

Plaintiffs and defendants have submitted proposed judgments and supporting memoranda. Defendants contend that the plaintiffs' claim is moot because "the constitutional infirmity [has been] subsequently remedied by the legislature." (Citibank's Memorandum of Law in Support of Proposed Order at 1). Plaintiffs contend that their claim is not moot because the constitutional infirmity still exists, although it has been partially alleviated by the new legislation.

The action is not moot:

"Pointing to a change in the law ... does not demonstrate that the constitutional violations of which [plaintiff] complains have ceased and will never recur. The relevant issue ... is whether the principle contended for by [plaintiff] ... is satisfied by the new rules. If it is, the case is moot; if not, the challenging party's interest is not destroyed by the amendment."

*Finberg v. Sullivan,* 658 F.2d 93, 98 (3d Cir.1980) (en banc). It cannot be determined from the face of the new statute whether it will provide the requisite notice; that is, whether it will provide " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Deary v. Guardian Loan Co., Inc.,* 534 F.Supp. at 1187, *quoting Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1,

98 S.Ct. 1554 (1978), *quoting Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Particularly in view of the substantial interests of federalism at stake in this Court adjudicating the constitutionality of a state statute, we believe that the state is entitled to a reasonable period in which to employ the new statute to determine whether, under all the circumstances, it provides reasonable notice as required by the Constitution.

Accordingly, the judgment to be entered at this time will be limited to certifying the class and declaring unconstitutional and enjoined further use of C.P.L.R. §§ 5222, 5230 and 5232, in accordance with the decision of March 2, 1982. However, jurisdiction is retained for a period of one year during which a record may be developed as to the actual workings of the new statute.

At such time within a year as data relating to the effect of the statute in actual operation has been secured, plaintiffs may move for such further relief as appears warranted in the circumstances.

Submit judgment on notice.