EDNA WARREN et al., Appellants, v THOMAS J. DELANEY, Individually and in His Capacity as Commissioner/Sheriff of the Department of Public Safety of the County of Westchester, et al., Respondents. — Consolidated appeals by plaintiffs Edna Warren and Theodora Tolley (1) as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Daronco, J.), dated August 10, 1981, as denied their motion for partial summary judgment and granted certain defendants' cross motions for summary judgment dismissing the complaint as against them; and (2) from a "supplemental" order of the same court, entered December 17, 1981, which granted summary judgment dismissing the complaint as against the remaining defendants. Order dated August 10, 1981, modified, on the law, by (1) deleting from the second decretal paragraph thereof the words "denied in all respects," and substituting therefor the words "granted only insofar as it is declared that CPLR 5222, 5230 and 5232, as they existed prior to the 1982 amendments to CPLR 5222 and 5232 (L 1982, ch 882, §§ 1, 2), were unconstitutional to the extent that they did not provide judgment debtors with notice of (a) any restraint or execution; (b) the types of property which might be exempt from restraint and execution; and (c) the procedures for asserting exemptions, and said motion is otherwise denied"; (2) deleting from the third decretal paragraph the words "The Chase Manhattan Bank, N.A.", "Thomas J. Delaney" and "Barclay's Bank"; and (3) adding provisions thereto (a) granting defendant Thomas J. Delaney's cross motion for summary judgment only with respect to the claim of plaintiff Theodora Tolley and denying said cross motion in all other respects; and (b) denying the cross motions of defendants Chase Manhattan Bank, N. A., and Barclay's Bank for summary judgment. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. Order entered December 17, 1981, reversed, without costs or disbursements, and summary judgment dismissing the complaint as against defendants Peter P. M. Bardunias, Rosen & Bardunias, Frank Daniele and Rosemary Daniele is denied. On or about December 6, 1979, defendant Chase Manhattan Bank, N. A., obtained a money judgment against plaintiff Edna Warren, and on or about August 17, 1979, defendants Frank and Rosemary Daniele obtained a money judgment against plaintiff Theodora Tolley. Thereafter, both defendant Peter P. M. Bardunias, doing business as defendant Rosen & Bardunias, as attorney for Chase Manhattan Bank, N. A., and defendant Vincent P. Nesci, a member of the firm of defendant Lang & Nesci, P. C., as attorney for the Danieles, issued and served restraining notices upon defendant Barclay's Bank, in which both Warren and Tolley maintained checking accounts. Subsequently, executions were delivered by the attorneys for Chase Manhattan Bank, N. A., and the Danieles to defendant Thomas J. Delaney, Sheriff of the County of Westchester, who levied upon the restrained checking accounts of both Warren and Tolley in Barclay's Bank. Plaintiffs, claiming that the funds in their checking accounts were statutorily exempt from restraint, execution and levy commenced the instant action contending that the restraint and levy upon their funds were without due process of law. The complaint specifically alleged, *inter alia,* that the statutory provisions for the enforcement of money judgments (CPLR 5222, 5230 and 5232, as they existed prior to the 1982 amendments to CPLR 5222 and 5232 [L 1982, ch 882, §§ 1, 2]) violated the due process clause (art I, § 6) of the New York State Constitution, by authorizing the restraint and levy of

personal property without providing the judgment debtor with notice of or an adequate opportunity to raise the claim of exemptions to the restraint or levy. Plaintiffs sought declaratory and injunctive relief, as well as money damages. On the basis of plaintiffs' motion for partial summary judgment (except as to damages) and certain defendants' cross motions for summary judgment, Special Term dismissed the complaint against all defendants. While a declaration was not made as required (*Holliswood Care Center v Whalen,* 58 NY2d 1001, 1004; *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901), in its memorandum decision, the court, relying upon *Endicott Corp. v Encyclopedia Press* (266 US 285), upheld the constitutionality of the CPLR provisions in question. After Special Term's decision and prior to the perfection of the instant appeal by plaintiffs, CPLR 5222 and 5232 were amended, effective September 1, 1982, to provide notice to a judgment debtor of a partial list of exemptions and of the availability of procedures for asserting exemptions (L 1982, ch 882, §§ 1, 2). On this appeal, it is contended that the action is now moot because of the recent 1982 amendments to CPLR 5222 and 5232. Plaintiffs argue that dismissal of the appeal is not warranted because of their claim for money damages and because the amendments do not cure all of the constitutional infirmities with respect to the provisions in question. We find that the instant appeal should not be dismissed on mootness considerations. In so concluding, we need not decide whether the 1982 amendments redress all the alleged constitutional infirmities with respect to the enforcement provisions in question. Plaintiffs' claim for compensatory and punitive damages, arising from the restraint and subsequent levy upon their funds, pursuant to the prior statutes, saves the action from the bar of mootness (*Memphis Light, Gas & Water Div. v Craft,* 436 US 1, 8-9; *Blye v Globe-Wernicke Realty Co.,* 33 NY2d 15). Our examination of CPLR 5222, 5230 and 5232, as they read prior to the recent 1982 amendments, leads us to conclude that said statutory provisions were repugnant to plaintiffs' due process rights. In deciding the issue, we note that the courts in *Deary v Guardian Loan Co.* (534 F Supp 1178, 550 F Supp 642) and *Matter of Cole v Goldberger, Pedersen & Hochron* (95 Misc 2d 720) were faced with the identical constitutional challenges to the enforcement proceedings involved herein. Both courts concluded, as we do, that the United States Supreme Court's holding in *Endicott Corp. v Encyclopedia Press* (*supra*), that due process did not require notice and an opportunity to be heard before the issuance of a writ to garnish a judgment debtor's wages, is not dispositive of plaintiffs' due process claims. In addition to the fact that the court in *Endicott Corp.* (*supra*) did not consider in its decision the possibility that the enforcement of a judgment might be undertaken with respect to property exempt from such procedures, the decision appears "to be 'irreconcilable with evolving concepts of due process' (*Blye v Globe-Wernicke Realty Co.,* 33 NY2d 15, 19, *supra*)" (*Matter of Cole v Goldberger, Pedersen & Hochron,* 95 Misc 2d 720, 732, *supra;* see *Deary v Guardian Loan Co.,* 534 F Supp 1178, 1185-1186, *supra;* cf. *Knight v DeMarcus,* 102 Ariz 105, cert granted *sub nom. Hanner v DeMarcus,* 389 US 926, cert dsmd as improvidently granted 390 US 736 [dissent of Douglas, J., pp 736, 741]). As the judgment debtors' interest in the unrestrained use of exempt assets is a property interest "deemed worthy of constitutional protection", in determining what process is due "we are obliged to balance the interests at stake (*Goldberg v Kelly,* 397 US 254, 262-263; *Brown v Liberty Loan Corp.* [539 F2d 1355], p 1365 [cert den 430 US 949]) and arrive upon a 'constitutional accommodation of the conflicting interests' (*Mitchell v Grant Co.,* 416 US 606, 607, *supra*)" (*Matter of Cole v Goldberger, Pedersen & Hochron,* 95 Misc 2d 720, 727-728, *supra*). In doing so, we are required to consider: "the private interest that will be affected by the official action * * * the risk of an erroneous deprivation of such interest through the

procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and * * * the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail" (*Mathews v Eldridge,* 424 US 319, 335). The postjudgment creditor's interest in insuring the prompt and efficient enforcement of money judgments is apparent. "[T]here is no question as to the debtor's liability. Any delay and expense involved in enforcing the judgment may diminish the ultimate value of the recovery * * * [and] the ability to seize monetary assets, such as the bank accounts at issue here, is * * * faster and less expensive than enforcement against other property" (*Deary v Guardian Loan Co.,* 534 F Supp 1178, 1186, *supra*). However, it is equally obvious that the judgment debtor's interest in statutorily exempt assets, in which the judgment creditor has no property right, is also " 'entitled to be safeguarded' " (*Matter of Cole v Goldberger, Pedersen & Hochron,* 95 Misc 2d 720, 729, *supra*). "The exemptions asserted by plaintiffs are designed to protect their means of purchasing the basic necessities of life" (*Deary v Guardian Loan Co.,* 534 F Supp 1178, 1186, *supra*). In addition, it is clear that some notice to the judgment debtor with respect to the restraint or execution against statutorily exempt funds is required to "prevent or correct an erroneous restraint or execution which would otherwise have the effect of depriving the debtor of property which may be necessary to meet the basic necessities of life. Moreover * * * it cannot be said that requiring notice in this context imposes any significant additional expense or delay, especially in comparison to the degree of deprivation likely to result in the absence of such notice" (*Deary v Guardian Loan Co.,* 534 F Supp 1178, 1187, *supra;* see *Matter of Cole v Goldberger, Pedersen & Hochron,* 95 Misc 2d 720, 729-730, *supra*). Accordingly, CPLR 5222, 5230 and 5232, prior to the 1982 amendments to CPLR 5222 and 5232, did deprive plaintiffs of their due process rights insofar as they did not provide notice to a judgment debtor of the restraint or execution, the type of property which might be exempt from such restraint or execution and the procedures for asserting the exemptions. We need not decide whether plaintiffs are also constitutionally entitled to a prompt postrestraint hearing, in light of our conclusion that the failure to give adequate notice to them deprived them of due process of law. While injunctive relief is not warranted under the circumstances herein (see *Deary v Guardian Loan Co.,* 550 F Supp 642, *supra*), damages may be awarded to the plaintiffs for the wrongful deprivation of their property (see *Fuentes v Shevin,* 407 US 67, 81-82, reh den 409 US 902). However, our review of the record indicates that plaintiff Tolley's claims against defendants Thomas J. Delaney, Vincent P. Nesci and Lang & Nesci, P. C., were properly dismissed. The allegations in the complaint against these defendants are insufficient to warrant a monetary award of damages (cf. *Pierson v Ray,* 386 US 547; *Altimus v Manhood Foundation,* 425 F Supp 1118, 1122, affd 559 F2d 1202; *Buller v Buechler,* 706 F2d 844). Accordingly, said defendants' cross motions for summary judgment with respect to Tolley's claims against them were properly granted. Without expressing any opinion as to plaintiffs' individual claims against the other defendants, including Warren's claim against defendant Thomas J. Delaney, we are remitting the matter to the Supreme Court, Westchester County, for a trial on the issue of damages (cf. *Teddy's Drive In v Cohen,* 47 NY2d 79; *Schneider v Sachs Quality Stores,* 23 Misc 2d 4; *Buller v Buechler, supra*). Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.