OPINION OF THE COURT
Angelo J. Ingrassia, J.
In this action for declaratory judgment and permanent injunction, the plaintiff moves for partial summary judgment, and the defendant Blum cross-moves to dismiss the complaint for the plaintiff’s lack of standing and for failure to state a cause of action.
The issue in this lawsuit, and the issues to be resolved on these motions, involve whether the defendants are required to notify applicants for public assistance of the existence of preinvestigative aid for those in immediate need and whether they must also inform those found ineligible for such aid of the reason for the denial and of their right to administrative review of any such denial.
The defendant Barbara Blum is the Commissioner of the New York State Department of Social Services (State), and the defendant Charles W. Bates is the Commissioner of the Westchester County Department of Social Services (County). By virtue of Social Services Law § 34, the former is responsible for supervising and overseeing the administration of public assistance programs by the latter. The plaintiff is, or was, an applicant for *559 public aid. In 1979 she applied to the County for assistance, claiming that she and her four children were newly arrived from Puerto Rico and that they had no income nor resources to purchase food or clothing or to use for renting an apartment. Apparently she was twice denied any relief because she was unable to furnish certain documentation which was necessary for further investigation of her claim.
The plaintiff claims that during her application period she was never advised that she might be eligible for preinvestigative relief and that she was never informed that she had been found ineligible for such relief nor that she had a right to the review of the denial of such relief. She has brought this action on her own behalf, as well as for all others similarly situated, for a declaration (1) the defendants are required to advise all applicants for public assistance that if they are in need they may be eligible for preinvestigative aid, (2) that they must inform those found ineligible for such aid of the reason for the denial and (3) that they must advise those found ineligible that they have a right to an administrative review of the denial of such assistance. She also seeks an injunction to implement the foregoing. The instant motion is for summary judgment on these two causes of action.
The County opposes this motion on the grounds (1) that there is no requirement to notify an applicant for public assistance of the availability of preinvestigative aid and (2) that, in any event, the plaintiff never demonstrated a need for emergency relief and, in fact, did receive some assistance, both in cash and food stamps, prior to a final determination as to her eligibility for public assistance. The State opposes the motion, and cross-moves for summary judgment, on the grounds (1) that the plaintiff lacks standing because she has failed to show that she is entitled to emergency benefits, and (2) its policies and regulations already require the County “to provide the assistance and services plaintiff seeks to obtain by court order.”
On a prior motion in this action for class action status, the defendants had argued that the issues in the lawsuit were no longer justiciable inasmuch as the plaintiff had begun to receive public assistance. In affirming the order of Special Term which denied plaintiff’s class action request, the Appellate Division held that the issues presented herein, “[b]ecause of [their] recurring nature” are not moot, notwithstanding that the plaintiff may presently be receiving public assistance (Gonzalez v Blum, 96 AD2d 1091). To the extent that the Appellate Division has ruled on the point, any argument based upon the plaintiff now receiving aid or her alleged lack of standing is inapposite. *560 Similarly, the facts and circumstances as they relate especially to this plaintiff and her initial eligibility for emergency relief are no longer particularly relevant. The issues, as they remain, are issues of law. Their resolution is not difficult.
The source of the plaintiff’s claimed rights is Social Services Law § 133, which provides as follows: “If it shall appear that a person is in immediate need, temporary assistance or care shall be granted pending completion of an investigation.” There is no doubt that this section establishes the right of public assistance applicants to preinvestigative relief should it appear that they are in immediate need. (See, Gutowski v Lavine, 44 AD2d 649.) The State correctly points out, however, that section 133 does not define the precise emergency relief which must be granted, and that pursuant to State law, an applicant for public relief must be assisted from Federally financed programs before exclusively State financed programs are available (see, e.g., Social Services Law § 350-j; 18 NYCRR 352.7). This was recognized on motions herein decided by the Honorable Leonard Rubenfeld (May 5,1980) and by the Honorable William A. Walsh (May 29, 1980). Judge Rubenfeld also noted, and this court agrees, that “there is, nevertheless, a requirement that the State supply assistance to eligible applicants in immediate need even if that applicant does not meet the eligibility requirements of the federally financed programs (Social Services Law, § 133, cf Gutowski v. Lavine, 44 AD 2d 649).” It appears to be the plaintiff’s position, however, that the County consistently fails to inform applicants of available “immediate need” programs whether Federally or State financed.
Although section 133 does not expressly require that applicants for public assistance be notified of the availability of programs for emergency relief, there is nonetheless compelling authority for such a requirement. Basic due process requires that any welfare assistance be administered in such a way to insure fairness both in terms of benefits and eligibility (White v Roughton, 530 F2d 750, 753). This general principle creates a duty on the part of those administering welfare programs to advise applicants of available benefits (Carey v Quern, 588 F2d 230; Grueschow v Harris, 492 F Supp 419, 423-424). In Carey v Quern (supra), the plaintiff welfare recipients challenged the defendants’ failure to inform them of their right to a clothing allowance as part of their general assistance grant. In affirming judgment in their favor, the Court of Appeals held that the failure to provide a procedure for informing the plaintiffs of their right to a clothing allowance was “inconsistent with the requirements of due process” (Carey v Quern, supra, p 232). *561 Notice of the existence of a right is essential to the meaningful protection and enforcement of that right. In this sense, proper notice is often a requirement of due process (see also, Mennonite Bd. of Missions v Adams, 462 US 791; Warren v Delaney, 98 AD2d 799).
As noted earlier, the State does not dispute the requirement of notice. Its rules and directives, while not referring specifically to preinvestigative grants, require in general that applicants be provided with information and assistance concerning applicable programs, eligibility requirements and available benefits (see, 18 NYCRR 351.1 [b]; 350.7 [a], [c]; 83 ADM-19, May 9, 1983).
Public assistance applicants also have the right to procedural due process (see, Griffeth v Detrich, 603 F2d 118, cert denied sub nom. Peer v Griffeth, 445 US 970; Carey v Quern, supra; Alexander v Silverman, 356 F Supp 1179). Such right includes entitlement to a hearing in the event assistance is denied and an “expedited” hearing where emergency assistance is denied (Matter of Jones v Berman, 37 NY2d 42). Again, the State acknowledges that this right exists under State law (see, 18 NYCRR 358.3, 358.4; see also, Social Services Law § 350-j [5]). It does, however, raise questions concerning the immediacy of such hearings. This court recognizes the difficulties which may arise in this regard due to the volume of hearings and the limitation of resources. To the extent, however, that an applicant presents an emergency situation, he must be afforded a prompt hearing if his right to review is to be meaningful (Matter of Jones v Berman, supra).
The final point on which adjudication is sought is whether an applicant who has been denied preinvestigative relief must be advised of the reason for such denial. The point is not seriously disputed. It follows that if an applicant has a due process right to a hearing to review the denial of his application, he has a concomitant right to be provided with the reasons for the denial (see, Memphis Light, Gas & Water Div. v Craft, 436 US 1; Goldberg v Kelly, 397 US 254).
In accordance with the foregoing, the plaintiff’s motion is granted, and the cross motion is denied. The plaintiff may submit an order and judgment, on notice to the defendants, providing for the relief demanded in the first and second prayer for relief in their complaint.