*806 OPINION OF THE COURT
Salvatore Alamia, J.
The defendant herein, charged under six separate accusatory instruments with six incidents, each allegedly violating sections 117-34 and 133-1 (A) of the Code of the Town of Huntington, moves to dismiss all surviving and pending charges in the interest of justice pursuant to CPL 170.40.
In each of the six instances herein, the defendant has been charged with the misdemeanor of violating section 117-34 of the Code of the Town of Huntington and the simple offense (noncriminal) of violating section 133-1 (A) of said Code. These sections read as follows:
"§ 117-34 Every person who is the owner of land lying and situated within the town or who occupies, rents or leases any such land and all appurtenances thereto shall keep such land and all appurtenances thereto free and clear from all trash, rubbish, garbage, weeds, grass, refuse or other objects.”
"§ 133-1 (A) No person shall throw, deposit or cause to be deposited any refuse, rubble, rubbish, trash or garbage upon any town street, highway, sidewalk, public place or private property.”
The motion originally filed by the defendant had requested dismissal on two grounds: that the accusatory instruments were defective within the meaning of CPL 170.35; and that prosecution of the defendant upon such accusatory instruments would constitute or result in injustice within the meaning of CPL 170.40 (1). By decision and order of this court dated March 9, 1993, three counts alleging violations of section 117-34 of the Code of the Town of Huntington have been dismissed under docket numbers HUTO 1322/92, HUTO 1323/92 and HUTO 1324/92 pursuant to CPL 170.35 and all remaining matters were set down for an evidentiary hearing March 17, 1993 to determine the existence, if any, of some compelling factor, consideration, or circumstance demonstrating that conviction or prosecution would constitute or result in injustice pursuant to CPL 170.40, commonly referred to as a "Clayton” hearing.
FINDINGS OF FACT
The said evidentiary hearing established the following, which shall comprise the court’s findings of fact:
The defendant, Donald A. Pius, is the owner and landlord of many rented dwelling units within the Town of Huntington. *807 In and about August and September of 1992, the defendant had obtained warrants of eviction (pursuant to RPAPL 749) in six separate duly filed and lawfully prosecuted summary proceedings for nonpayment of rent. The Sheriff of Suffolk County, pursuant to the mandate of statute and acting in accordance with his lawfully established procedures and charges (see, CPLR 8012, 8013), executed the command of the warrants of eviction in each of said six instances and removed the tenants’ belongings and possessions and placed same at "curbside”, albeit in the public street, in front of the respective six premises. The Sheriff, in each instance, was not an agent of the defendant landlord, but, as in all other actions and duties, a separate, autonomous governmental entity.
The Sheriff, as was his custom, gave notice to the Highway Department of the Town of Huntington, in each instance, of the impending or completed execution of a warrant of eviction. The Highway Department, within 24 to 48 hours of such property being placed at "curbside”, would pick up and remove such belongings and treat same as "solid waste”. In and about 1988 the Town of Huntington had rendered a bill for approximately $1,500 to this same defendant, Donald A. Pius, to cover the cost of "picking-up” and disposing of "evicted” belongings and possessions. The defendant resisted such "billing” and, after some discussion and meeting with various Town personnel including an Assistant Town Attorney, the matter of charging landlords for the "pick-up” and removal of "evicted” belongings was dropped.
The escalating cost and other problems associated with disposing of "solid waste” had apparently caused the Town to revisit this matter of charging the real property owner (landlord) for the "pick-up” and removal of "evicted” belongings. (See, People’s exhibit 2, in evidence, an internal memo from the Highway Superintendent to the Town Attorney which highlighted, in its attachments, the cost in manpower, equipment, time and expenses of the "burden” incurred by the Highway Department in the "pick-up” and removal of "evicted” belongings.) The cost-solution adopted by the Town appears to be criminal prosecution, with the Town Attorney seeking a fine or restitution equivalent to the Highway Department’s "costs” in each instance.
CONCLUSIONS OF LAW
CPL 170.40 gives the courts of this State an extraordinary *808 scope of discretion. It provides that, although there may be no basis for dismissal as a matter of law, such dismissal is required by the existence of some compelling factor, consideration, or circumstance clearly demonstrating that conviction or indeed continued prosecution of the defendant would constitute or result in injustice. The statute makes the interests of justice paramount and it is therefore mandatory that the discretion of the court be founded upon fully explored and deliberated considerations; the discretion of the court is neither absolute nor uncontrolled. (People v Wingard, 33 NY2d 192.)
The inherent power of the court to address the interests of justice in dismissing criminal causes has had a respected place in the common law. (People v Clayton, 41 AD2d 204.) The thrust of this concept of "the interests of justice” has been to allow the letter of the law to succumb gracefully and charitably to the spirit of justice. (People v Davis, 55 Misc 2d 656.) In a very broad sense, we have moved to the introduction into the criminal law of a concept of judicial discretion and flexibility equivalent to the concept of equity in the civil law.
In the instant cases the defendant did not cause, directly or through his agents, servants or employees, the material ("evicted” belongings) to be placed at curbside. He merely exercised his right and privilege as landlord to obtain a lawful warrant of eviction and request the Sheriff to execute the command of the warrant. The Sheriff’s failure and/or refusal would constitute a wanton disregard of his sworn duty and border on contempt of court. Further, there was no evidence of an intent to abandon the said material ("evicted” belongings) such as would permit it to fall within the reasonable meaning of the statute. The sustaining of these prosecutions and the Town’s fostered intent and application of this statute herein would effectively render warrants of eviction meaningless and unenforceable and, more particularly, render a landlord’s lawful conduct pursuant to State law violative of a local criminal statute. Clearly, such is not within the spirit and meaning of section 117-34 of the Huntington Code and to hold otherwise is to condone an unreasonable or absurd result. (Morgan v Hedstrom, 164 NY 224.)
The court is cognizant of the enormous problems facing local government in the area of solid waste disposal. As a resident of the Town of Islip, the "garbage barge” notoriety of a few years ago comes quickly to mind. However, the criminal forum is inappropriate as a vehicle for the Town of Hunting *809 ton to redress its cost concerns in its mandated responsibility to "pick-up” and remove and dispose of the "evicted” belongings as solid waste. The court directs the attention of the Legislature, i.e., the Town Board, to the urgent need for some legislation pursuant to the Town Law of the State of New York "taxing” or otherwise "assessing” such Town costs or expenses back upon the real property benefiting therefrom. (For another approach, see, Matter of Collins v Steisel, 89 AD2d 855; Administrative Code of City of NY § 755[4]-3.0 [now § 16-128].)
The issue obviously involves policy of a scope and dimension more appropriate for legislative resolution. I invite the attention of the Huntington Town Board to this predicament; I repeat, the criminal forum is inappropriate.
CPL 170.40 CRITERIA
Turning now to the criteria set forth in the statute, section 170.40 (1) (a) through (j), the court need not pursue a ritual adherence to the criteria "formula” set forth therein. The court may give any element of said criteria, i.e., (a) through (j), greater — even controlling — weight over any other element or factor. (People v Rickert, 58 NY2d 122.)
Nevertheless, the court chooses to consider each of the factors (as applicable) hereinbelow:
(a) The seriousness and circumstances of the offense. Aspects of this factor have been discussed hereinabove. It is obvious to this court that the Legislature (Town Board) did not intend to raise the landlord’s lawful request for the Sheriff to execute the command of a warrant of eviction to the level of criminal conduct. From the standpoint of mens rea, the defendant landlord never intended conduct violative of any statute but merely the peaceful and lawful eviction of a tenant and his or her belongings as provided for in New York State law.
(b) The extent of harm caused by the offense. There is no harm caused by this "offense”; there is no offense: only a landlord’s lawful request that the Sheriff execute the command of a duly issued and lawful warrant of eviction.
(c) The evidence of guilt, whether admissible or inadmissible at trial. There is no evidence herein of any criminal intent, scienter or mens rea.
(d) The history, character and condition of the defendant. Donald A. Pius is the owner and landlord of a great many *810 rented dwellings and dwelling units in the Town of Huntington. He has never been convicted of a crime and is a respected businessman and property owner in the Town of Huntington.
(e) Misconduct of law enforcement personnel. Not applicable.
(f) The purpose and effect of imposing upon the defendant a sentence authorized for the offense. To this court, there appears to be no purpose served by the imposition of a fine or imprisonment upon the defendant landlord. The effect of criminal prosecution, as hereinbefore stated, would effectively render warrants of eviction meaningless and unenforceable since every request for action by the Sheriff to execute the command of the warrant would precipitate a criminal offense and expose the landlord to criminal prosecution. Local law would nullify and frustrate the legislative intent expressed in State law.
(g) The impact of dismissal upon the confidence of the public in the criminal justice system. The landlord and property-owning public and indeed the entire general public gains confidence in and respect for a criminal justice system that recognizes how inappropriate the criminal forum is to the subject matter of these prosecutions.
(h) The impact of dismissal on the safety or welfare of the community. There is no adverse impact whatsoever.
(i) The attitude of the complainant or victim with respect to the motion. This factor is not applicable in these cases or cases of similar facts and circumstances predicated upon a landlord’s request that the Sheriff execute the command of a warrant of eviction.
(j) Whether a judgment of conviction would serve any useful purpose. No useful purpose is served by conviction except the utilization of the criminal forum inappropriately for conduct the legislative body never intended to encompass within the spirit of that statute, i.e., section 117.34 of the Code of the Town of Huntington.
CONCLUSION
It is inconceivable to this court that the Huntington Town Board contemplated a separate, autonomous governmental entity, i.e., the Sheriff of Suffolk County, serving as the instrumentality of a crime and intended to include such within the spirit and scope of said section 117-34 of the Huntington Code.
*811 From the totality of the circumstances presented herein at the evidentiary hearing, the papers and memorandums of law submitted by both sides and after examining and considering the statutory criteria as set forth in CPL 170.40 (1) (a) through (j), individually and collectively, the court finds that dismissal is required herein, in the exercise of judicial discretion, to permit the letter of the law to yield to the interests and spirit of justice. Accordingly, the defendant’s motion to dismiss pursuant to CPL 170.40 (1) is granted and all counts herein are hereby dismissed.