■ In the Matter of EMILE E. RATHGEBER, Respondent. ARTHUR LEVITT, as Comptroller of the State of New York, Respondent; PUBLIC OPERATING CORPORATION, Appellant.— In a special proceeding instituted by Emile E. Rathgeber, an attorney, pursuant to statute (Abandoned Property Law, § 1310), to declare to be abandoned property and for leave to pay over to the State Comptroller the sum of $1,421.25 in his possession for six years and unclaimed by the Public Operating Corporation, "the person appearing to be entitled to receive such property", in which proceeding the said corporation thereafter intervened and asserted its title and its right to possession of the money, the corporation appeals from two orders of the Supreme Court, Queens County: (1) an order entered January 3, 1964, which granted the petitioner's application, declared the money to be abandoned, directed petitioner to transfer it to the State Comptroller, and declared that upon such transfer petitioner shall be relieved of all liability in connection therewith; and (2) an order, made March 3, 1964 on reargument, which adhered to the original decision and which made the same disposition. Appeal from original order of January 3, 1964 dismissed as academic, without costs; such order was superseded by the later order granting reargument. Order of March 3, 1964 made on reargument, insofar as it grants the petitioner's application, reversed on the law and the facts, without costs, and petitioner's application denied. Findings of fact implicit in the decision of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, there was a definite showing of a present claim of title and right to possession by the original owner of the money, Public Operating Corporation. Hence, the money may not be deemed to constitute abandoned property under the statute (Abandoned Property Law, § 1310) and should not be turned over to the State Comptroller. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.