Harry Edelstein, J.
This date marks the 129th anniversary of the abolition in the State of New York of distress for rent. It is anachronistic that a point of law settled during the second quarter of the nineteenth century should be an issue between parties in a civil action at the close of the third, quarter of the twentieth century. Yet, the plaintiff finds it necessary to take legal action to undo the defendant landlord’s reincarnation of a late and unlamented mode of self-help.
In this action for conversion, the plaintiff moves for partial summary judgment, whereby her personal property allegedly in the possession of the defendants will be restored to her possession. The defendant Jack & Betty Realty Corp. admits its possession of certain items of the plaintiff’s personal property. However, the defendants raise "a partial affirmative defense and counterclaim” that the plaintiff and one Terry Fidler abandoned the dwelling unit, owe to the defendant corporation rent in the amount of $235, and caused the defendant corporation to expend $300 in removal and storage expenses. The defendants move for summary judgment in the amount of $535, and move to dismiss the plaintiff’s cause of action.
The plaintiff asserts that Terry Fidler and she were locked out of their dwelling unit, and the defendants contend that the premises were abandoned. The defendant corporation maintains that its removal of the plaintiff’s property was authorized by paragraph 8th of the agreement of lease be *176 tween the corporation and Terry Fidler. Paragraph 8th provides in its pertinent part: "In case of default by Tenant in payment of rent, or if the three days notice above provided for shall have been given and the three days period shall elapsed without curing such default or stopping the objectionable conduct and the three days notice of termination shall have been given and the period thereof elapsed, or if the leased premises become vacant or deserted, Landlord may at any time thereafter without further notice re-enter said premises by summary proceedings, or by action or proceeding, or by force or otherwise and dispossess Tenant or other occupants of premises and remove their effects without being liable to prosecution or damage therefor.”
The common-law ex parte remedy of distress[1] was an early casualty of the concept of due process of law. Distress for rent was abolished in 1846.[2] Twenty years later, in the case of Rockwell v Nearing (35 NY 302, 305-306), the Court of Appeals held unconstitutional, as a violation of the due process clause (NY Const, art I, § 6), a statute which "enacts that one citizen may take, hold and sell the property of another, without judicial process, and without notice to the owner, as a mere penalty for a supposed private injury.” Thus, the law of the State prohibits, on constitutional grounds, exercise or enforcement of the remedy of distress. Modern constitutional law is in accord.[3] As stated by the Court of Appeals: "[N]o power in the state can legally confer upon one person or class of persons the property of another person or class, without their consent, whatever motives of policy may exist in favor of such transfer.” (Rockland v Nearing, supra, p 306, citing Judge Denio in Westervelt v Gregg, 12 NY 202, 212.)
Whether the plaintiff abandoned the premises or was locked out, the defendants have no right whatever to the plaintiffs personal property. The seizure by the defendant corporation of the plaintiffs personal property because of alleged accrued rent is distress for rent, and is prohibited. The consequential expenditures which arose from the illegal seizure must be *177 borne by the defendant corporation, not by the plaintiff. If the personal property of the plaintiff were seized in order to enforce some alleged right other than payment of rent due, this would be distress. This, too, is prohibited, and the consequential expenditures are not the liability of the plaintiff.
Assuming without deciding that the plaintiff’s property were simply abandoned, and no alleged right is sought to be enforced by the defendants, seizure of the property would be illegal nonetheless. It is the obligation of a person who holds unclaimed property of another person to have that property declared abandoned, and to pay the property to the comptroller. (Abandoned Property Law, § 1310.) An agreement between parties to the contrary is invalid, because it is State policy to utilize unclaimed property for the benefit of all the people of the State. (Abandoned Property Law, § 102.) Moreover, the agreement of lease was between the defendant corporation and Terry Fidler. Thus, the plaintiff, who was not a party to the agreement of lease, did not waive any right thereunder. In any event, the plaintiff cannot be deemed to have abandoned the property, since the action in conversion is an assertion of ownership. (Matter of Rathgeber, 23 AD2d 577.)
Accordingly, partial summary judgment in favor of the plaintiff is granted. (CPLR 3212, subd [e]; Blye v Globe-Wernicke Realty Co., 33 NY2d 15 (n. 3 on p. 176.) The defendants’ cross motions are denied. The defendants shall account for all personal property of the plaintiff removed from her former dwelling place. If any controversy arises between the parties, the plaintiff or the defendants may move for an immediate trial. (CPLR 3212, subd [c].)

. Distress "is the taking of a personal chattel out of the possession of the wrongdoer into the custody of the party injured, to procure a satisfaction for the wrong committed.” (3 Bl. Comm. 6.) The origin of this ancient self-help remedy is lost in the mist generated by the passage of time.

. L. 1846, ch 274, passed May 13,1846.

. See, e.g., Sniadach v Family Finance Corp. (395 US 337); Fuentes v Shevin (407 US 67, rehearing den 409 US 902); and Blye v Globe-Wernicke Realty Co. (33 NY2d 15).