■ WILLIAM CAMPBELL, Respondent-Appellant, v PAUL MASLIN et al., Appellants-Respondents, et al., Defendant. — Judgments, Supreme Court, New York County (H. Schwartz, J.), entered February 25, 1982 and April 16, 1982, which, after a jury verdict awarded the plaintiff $73,475.15 in damages and after a hearing awarded the plaintiff $9,825 in attorney's fees, are unanimously reversed, on the law, judgments vacated, and complaint dismissed, without costs. Since 1966, plaintiff was a rent-controlled tenant in defendants' apartment building. Individual defendants, Paul Maslin, Seymour Moslin and Herman Sorkin are the co-owners of the building, while the corporate defendant is the managing agent. On or about August 15, 1979, the defendants instituted a special proceeding against the plaintiff for recovery of possession of the premises on the ground of nonpayment of rent since June 1, 1979. The monthly rental was $148. Thereafter, the Civil Court on September 19, 1979 entered a final judgment of possession in favor of the landlord and against the plaintiff and issued a warrant of eviction. Plaintiff concedes that the landlord served him with a 72-hour notice of eviction on September 28, 1979. Pursuant to the warrant, a marshal evicted plaintiff and returned the premises to the landlord's possession on October 3, 1979. It is undisputed that the plaintiff neither appealed nor moved for a stay of the Civil Court judgment. At no time, prior to or at the time of eviction, did plaintiff tender the rental arrears to either the landlord or the marshal. In 1980, plaintiff commenced this instant

action. His complaint consists of causes of action for wrongful eviction, abuse of process, prima facie tort and punitive damages. It is undisputed that 14 days elapsed between the entry of the default judgment and the execution of the warrant of eviction. There is no proof in the record to support a claim that plaintiff's default was due to any representation by defendants. This court concludes, that if in fact the plaintiff was misled, same was due to the failure of the Department of Social Services of the City of New York (Department) to issue an emergency check for plaintiff's rent. Plaintiff's entire claim is based upon assurances made to him by the Department. Nothing in the record authorized the Department to make such promises to plaintiff. The Department had several opportunities to protect plaintiff by issuing an emergency check, right up to the moment of eviction. Regrettably, it failed to do so. When an eviction is carried out in accordance with a duly issued warrant, a landlord is not liable to the tenant for any damage caused by the marshal (*Ide v Finn*, 196 App Div 304). At pages 314-315 of the *Ide* decision this court unanimously held: "It is the general rule that a party [landlord] is not responsible for the manner in which an officer executes a valid process duly issued and * * * the officer only becomes his agent where the process is irregular, unauthorized or void." In the instant case it is undisputed by plaintiff that the marshal executed a validly obtained warrant of eviction. The plaintiff testified at trial that in July, 1979 he applied to the Department for financial help to pay his rent. However, by the time he was served with the eviction petition, the Department had not as yet notified him that his application had been accepted. Moreover, he testified that the only action he took in respect to this petition was to give it to a Department caseworker in August, 1979. This caseworker told him not to worry about it. Examination of the evidence reveals that the warrant of eviction was granted on default since neither plaintiff nor anyone on his behalf appeared to contest its issuance. The plaintiff having been evicted pursuant to a lawful judgment and a proper warrant of eviction, his action for wrongful eviction, abuse of process, prima facie tort, and property damage must fail. Accordingly, the judgments are reversed, and the complaint, as amended, is dismissed. Concur — Murphy, P. J., Ross, Bloom and Lynch, JJ.