OPINION OF THE COURT

Per Curiam.

Final judgment entered December 7,1981 reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition.
Tenant is the rent-stabilized resident of a three-bedroom apartment situated at 160 East 3rd Street, Manhattan, having originally entered into possession with a cotenant (who has since removed from the premises) in 1977. In September, 1981, tenant, in separate writings, gave notice pursuant to section 226-b of the Real Property Law that he intended to sublet portions of the apartment to two other unrelated persons. It was tenant’s intention to remain in occupancy, with each of the proposed individuals occupying *942 a separate bedroom and contributing to the rent. The landlord rejected the requests on the grounds that tenant’s notices of intent were not in compliance with the statute; that there was a waiting list for apartments; and that tenant’s attempts to sublet in this fashion constituted “harassment”. The Housing Court granted final judgment in landlord’s favor, principally for the reason that in its view, “section 226-b does not apply where the tenant was going to remain partially in possession”.
We reverse and dismiss the petition. It is true that section 226-b is usually invoked when a tenant finds it necessary to vacate his apartment entirely for a given period and wishes to transfer it to another until he returns. But that is not the only circumstance in which it may be applied. At common law, a sublease is defined as a transfer by a tenant of part of his interest in the whole, or in a part, of the demised premises (1 Rasch, New York Landlord and Tenant [2d ed], § 177), and section 226-b, by its terms, does not exclude sublettings of a portion of the premises. Inasmuch as the statute constitutes remedial legislation enacted to increase a tenant’s rights during a period of housing shortage (Conrad v Third Sutton Realty Co., 81 AB2d 50, 57), we see no sound policy reason to narrowly construe it in a manner which will restrict the alienation of space in underutilized apartments in the midst of a housing emergency. Of course, landlords remain free to make bona fide objections on the grounds of overcrowding, burdensome impact upon building facilities, etc., but a per se rule against this type of subletting seems to us unwise. Moreover, it can come as no surprise to this landlord that the tenant would be interested in sharing the apartment, he having originally entered into possession with a cotenant.
As to the remaining issues, we conclude that tenant, by his letters of September 4, September 15, and October 20, 1981 adequately complied with the information requirements of section 226-b. It is noteworthy that landlord’s rejection letter of September 25 did not even request further particulars, and the tenor of landlord’s correspondence in this matter indicates that it was not disposed to consent, regardless of the information tenant submitted. A land *943 lord’s reliance upon a waiting list as a reasonable basis for withholding consent has been rejected (Bragar v Berkeley Assoc. Co., 111 Misc 2d 333), and properly so. The statutory right of tenants in possession to assign and/or sublet takes precedence over the mere expectancies of prospective tenants; the existence of such lists cannot serve to circumvent that statutory right. Finally, landlord’s claim of “harassment” as justification for its refusal to consent is a non sequitur.
Hughes, P. J., Riccobono and Sullivan, JJ., concur.