■ ANNIE BURNELL, Respondent, v OCEAN GATES ASSOCIATES, Appellant, et al., Defendants.—In an action, *inter alia,* to recover damages for wrongful eviction and conversion of property, the defendant Ocean Gates Associates appeals from an order of the Supreme Court, Kings County (Williams, J.), dated April 24, 1986, which denied its motion for summary judgment and for leave to amend its answer to include the affirmative defense of release.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the motion which was for leave to serve an amended answer and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the appellant's time to serve its amended answer is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

The plaintiff was evicted from her apartment pursuant to a judgment and warrant issued in a summary proceeding for nonpayment of rent. The Civil Court, Kings County, subsequently ordered the defendant landlord Ocean Gates Associates (hereinafter Ocean Gates) to restore the plaintiff to possession after determining that the 72-hour notice of eviction had been improperly served by the defendant marshal. In this action, *inter alia,* for damages for wrongful eviction and conversion of property, Ocean Gates sought summary judgment based on the general rule that a landlord is not liable for the manner in which a marshal executes a valid warrant (see, *Campbell v Maslin,* 91 AD2d 559, *affd* 59 NY2d 722). However, the matters raised in the plaintiff's pleadings are sufficient to establish the existence of triable issues of fact with respect to her claim. Therefore, the denial of summary judgment was proper (see, *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). The issues in dispute include whether Ocean Gates was responsible for the actions of the defendant *moving* company, particularly with respect to the failure to return the plaintiff's belongings once the Civil Court determined that the eviction was improper, and whether, in fact, Ocean Gates ratified the marshal's actions.

That portion of Ocean Gates' motion which was to amend its answer to include a defense of release should have been granted since the plaintiff failed to present any evidence of prejudice or surprise as a result of the delay in seeking to amend its answer *(see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755). Although leave to amend need not be granted if the proposed defense is devoid of merit *(see, Bobrick v Bravstein,* 116 AD2d 682), here there exists a factual dispute as to whether plaintiff, who admittedly had signed the release, subsequently repudiated it. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.