OPINION OF THE COURT
Peter Tom, J.
In this plenary action plaintiff moves to dismiss defendant’s answer and counterclaim, and defendant cross-moves to dismiss the complaint.
Plaintiff instituted this action against defendant for rent overcharges and penalties pursuant to the New York City Rent Stabilization Law (Administrative Code of City of New *900 York § 25-501 et seq.) and the Rent Stabilization Code (9 NYCRR part 2520 et seq.).
Defendant, a 72-year-old woman separated from her husband, decided to take in a roommate for reasons, as she stated, of security, companionship and to help pay for the rent. She resides in a two-bedroom, rent-stabilized apartment located on the upper west side of Manhattan. She placed an advertisement in the New York Times under the listing of "Apartments to share”. Plaintiff responded to the ad. Plaintiff alleges that defendant told him that he would be paying for one half of the rent, and that he would have exclusive use of the master bedroom and the free use of the other rooms and kitchen facilities in the apartment. Plaintiff agreed to the terms of the arrangement and paid defendant $500 for security and $500 for the first month’s rent and moved in in June 1986. Plaintiff alleges that after he moved into the apartment defendant did not allow him access to the dining room, living room or the use of the kitchen facilities and restricted his occupancy to the master bedroom. Defendant denies this. In January 1987, defendant raised plaintiff’s rent to $550. Plaintiff continued to occupy the premises and paid defendant all rents as demanded until February 1988 when he vacated the apartment. Plaintiff later learned that defendant’s monthly rent for the apartment from December 1, 1985 to December 1, 1987 was $663.80 and from December 1, 1987 to February 1988 was $706.95. Plaintiff was paying approximately 76% of the legal rent for the apartment during the period he occupied the premises with defendant.
Plaintiff, in this action, seeks to recover rent overcharges and treble damages pursuant to Administrative Code § 26-511 (c) (12) and Rent Stabilization Code § 2525.6 (b) on the theory that since the area of plaintiff’s actual leased space (the master bedroom) was approximately 20% of the total square footage of the entire apartment, his monthly rent should have been 20% of the legal rent for the apartment, and that any rental collected by defendant which exceeded 20% of the legal rent constituted rent overcharges under the Rent Stabilization Law.
The instant motions raise novel issues as to (1) whether the rent overcharge provisions for subtenants under the Rent Stabilization Law apply to a rental situation involving a prime tenant and an occupant or roommate under Real Property Law § 235-f, also known as the roommate law, and (2) if the *901 rent overcharge provisions are applicable whether there can be an overcharge under the Rent Stabilization Law if the rent charged by the tenant did not exceed the legal stabilized rent for the apartment.
The court has researched these issues and found no case law which is dispositive of the issues.
Defendant urges that since the language of Administrative Code § 26-511 (c) (12) and Rent Stabilization Code § 2525.6 (b) refers to rent overcharges of a subtenant and the fact that plaintiff was a roommate, the rent overcharge provisions do not apply in this case.
The court agrees with defendant that the rent overcharge provisions of the Rent Stabilization Law apply to rent overcharges of a subtenant but differs with defendant as to her characterization of plaintiff as strictly a roommate.
A sublease is a transfer by a tenant of part of his estate or interest in the whole, or in a part, of the leased property, with the reservation unto himself or herself of a reversionary interest in the leasehold estate. (1 Rasch, New York Landlord and Tenant — Summary Proceedings § 177, at 245 [2d ed]; New Amsterdam Cas. Co. v National Union Fire Ins. Co., 266 NY 254, 259, 260.)
In this case, plaintiff, without dispute, had use of the master bedroom and paid a monthly rent for the occupancy. Defendant sublet at least the master bedroom to plaintiff even though plaintiff’s ability to use the rest of the apartment is in dispute. This arrangement constitutes a partial sublet of the demised premises wherein the tenant occupies a portion of the apartment and sublets another portion of the same unit to a subtenant. The courts have recognized this type of sublet to be valid and enforceable. (Lomax Holding Co. v Calitri, 117 Misc 2d 941 [App Term, 1st Dept]; Koppel v Courtney Assocs., NYLJ, Jan. 18, 1984, at 6, col 3 [Sup Ct, NY County].)
On the other hand, plaintiff is also an occupant or roommate under Real Property Law § 235-f (1) (b) and is permitted to reside with defendant in the stabilized premises pursuant to Real Property Law § 235-f (3).
Section 235-f (1) (b) provides that: " 'Occupant’ means a person, other than a tenant or a member of a tenant’s immediate family, occupying a premises with the consent of the tenant or tenants.”
In this case, plaintiff held a dual subtenant/roommate status since plaintiff sublet a portion of the premises from *902 defendant, and plaintiff occupied the apartment unit concurrently with the tenant with her consent.
In a situation where there is a sublease, whether it is for a portion of or for the entire premises, the rent overcharge provisions of the Rent Stabilization Law are applicable. The fact that plaintiff is a roommate does not alter his dual status as a sublessee for purposes of the rent overcharge provisions.
The purpose of the rent overcharge provisions of the Rent Stabilization Law is to prevent the profiteering and commercializing of rent-regulated apartments by an owner or tenant from exacting unjust, unreasonable and oppressive rents in an already constrained housing market. (Continental Towers Ltd. Partnership v Freuman, 128 Misc 2d 680; Hurst v Miske, 133 Misc 2d 362.)
The integrity of the rent overcharge provisions of the Rent Stabilization Law would be undermined if a tenant who overcharges a subtenant can avoid the sanctions of the overcharge provisions by merely living concurrently with the subtenant in the stabilized unit. This would give the green light for tenants to partially sublet his or her apartment at any astronomical rent with impunity and would frustrate the purpose of the Rent Stabilization Law.
The roommate law under Real Property Law § 235-f was enacted to protect the public health, safety and general welfare by recognizing the rights of unrelated persons living together for reasons of economy, safety and companionship. (Omnibus Housing Act of 1983, L 1983, ch 403, § 1.) The intent of the Legislature in enacting the roommate law was obviously not to circumvent or to be in conflict with the rent overcharge provisions of the Rent Stabilization Law.
It is the finding of the court that the rent overcharge provisions of the Rent Stabilization Law and Code are applicable in this case which involves a rental situation between a tenant and a sublessee/roommate.
The next issue raised by the parties in the motions is whether defendant overcharged plaintiff pursuant to Administrative Code § 26-511 (c) (12) and Rent Stabilization Code § 2525.6 (b).
Section 26-511 (c) (12) provides in pertinent part that: "(a) the rental charged to the subtenant does not exceed the stabilized rent plus a ten percent surcharge payable to the tenant if the unit sublet was furnished with the tenant’s furniture * * * (e) where a tenant violates the provisions of *903 subparagraph (a) of this paragraph the subtenant shall be entitled to damages of three times the overcharge and may also be awarded attorneys fees”.
Rent Stabilization Code § 2525 (6) (b) contains similar language.
The Rent Stabilization Law and Code provides that any rent charged to the subtenant shall not exceed the stabilized rent. The stabilized rent referred to in section 26-511 (c) (12) pertains to the legal rent for the apartment as an entire unit as determined by the rent guidelines and does not mean an amount of rent which is in proportion to the area of the stabilized apartment in which the subtenant allegedly leased or occupied. Section 26-511 (c) (12) (a) specifically provides for stabilized rent for "the unit sublet”.
As long as the tenant does not charge the subtenant a rental which exceeds the legal rent for the stabilized apartment as provided in Administrative Code § 26-511 (c) (12) or Rent Stabilization Code § 2515 (6) (b) there is no violation of the rent overcharge provisions of the Rent Stabilization Law. The amount of rent a tenant may charge a subtenant, in a partial sublet if within the legal limits, should be determined by the process of negotiation and bargaining between the parties as in any other contract and should not entail the intervention of the court.
In the instant case defendant did not charge plaintiff a rent which exceeded the legal rent for this stabilized apartment. Plaintiff paid a monthly rent of $500 from June 1986 to December 1986 while the legal rent for the apartment was $663.80, and from January 1987 to February 1988 plaintiff paid $550 while the legal rent was $706.95.
Defendant charged plaintiff a monthly rent which was below the legal rent for the premises for the entire period plaintiff occupied the premises. Defendant claims that plaintiff had full use of the entire apartment including the exclusive use of the master bedroom which had a river view.
Since defendant did not charge plaintiff a rental greater than the legal rent for the subject apartment there was no violation of Administrative Code § 26-511 (c) (12).
Accordingly, defendant’s cross motion for an order dismissing plaintiff’s complaint for failure to state a cause of action is granted to the extent of striking plaintiff’s cause of action for rent overcharges in violation of the applicable provisions of the Rent Stabilization Law and Code.
*904 However, plaintiff has raised facts on the motion papers which may support a possible cause of action for breach of contract in that plaintiff alleges that defendant charged plaintiff more than one half of the rent and denied plaintiff use of the entire apartment as agreed.
In the interests of justice, the court grants permission to plaintiff to serve and file an amended complaint to include causes of action consistent with this decision within 20 days after service of a copy of this order with notice of entry. Defendant shall have 15 days after receipt of the amended complaint to serve and file an amended answer.
That portion of plaintiff’s motion for an order dismissing defendant’s answer is denied based on the foregoing.
That portion of plaintiff’s motion to dismiss defendant’s counterclaim is denied. Factual issues are raised by the papers submitted including whether plaintiff’s action in bringing this lawsuit was deliberate and malicious, and if it is did it cause defendant her present emotional and physical condition?