OPINION OF THE COURT
Diana Johnson, J.
At the close of petitioners’ prima facie case, the court on its *547 own motion was prepared to dismiss this proceeding for failure to prove a prima facie case. Petitioners then requested an opportunity to present case law on the issue of whether proof of ownership is required to prove a prima facie case.
Pursuant to RPAPL 721 (1) a proceeding may be brought by the landlord or lessor. Petitioners allege, in their memorandum, they have proved there is a landlord-tenant relationship between themselves and respondent by virtue of the fact there is a lease between them and their names read identically on the lease as they do in the underlying proceeding. As such, petitioners assert they are entitled to maintain this proceeding, and there is no need to show proof of ownership.
Petitioners point out in their memorandum a lessor is defined in Black’s Law Dictionary as "he who grants a lease”. This is, however, not the total definition. Black’s Law Dictionary (at 902 [6th ed]) goes on to state, "[i]n the case of real estate, the lessor is also known as the landlord”. The definition of landlord in Black’s Law Dictionary (at 878 [6th ed]) is, "[h]e of whom lands or tenements are holden. The owner of an estate in land, or a rental property, who has leased it to another person, called the 'tenant’. Also called 'lessor’ ”. Thus to be considered a landlord or lessor a petitioner must prove he is possessed of such ownership in an estate in land, be it ownership in fee or of such lesser estate, such as being a net lessee, and that he/she had leased it to another, the tenant; or show he/she has the authority from such a person to do so. Implicit in the use of the words "landlord or lessor” in RPAPL 721 is that such person has in fact the right or authority to transfer an estate to another for a definite or indefinite period of time.
One cannot confer the status of landlord or lessor upon oneself in a vacuum. One is not a landlord or lessor simply because he/she proclaims so. One cannot prove he/she is a landlord by simply testifying that he/she is a landlord. Nor is producing a lease between the purported landlord and tenant sufficient to prove one is a landlord or lessor. A lease merely evidences the transfer of an interest, it doesn’t show the transferor had the right or authority to transfer it. Testimony or production of the lease is only half of what need be shown in proving one is a landlord or lessor. The other half is authority or right to transfer an interest in real property. Expressed as an equation: Landlord = authority or right to transfer an interest in real property + transfer of an interest in real property via a lease, oral or written. Therefore in cases *548 where the petitioner is in fact the owner, showing ownership is simply the most obvious method by which to prove one’s right or authority, it is not that ownership must be shown in and of itself as an element of the prima facie case. If the petitioner is the holder of a lesser estate, such as being a net lessee, then the net lease would be the instrument by which to exhibit one’s right or authority.
To adopt petitioner’s view that the lease alone is sufficient to prove one is a landlord or lessor is adopting a position akin to, "I am, because I say I am” and leads to absurd results. This would permit anyone coming upon an abandoned building, or a city-owned vacant building, or any other premises in which such person has no right or authority to convey a right to possession in and by the simple expedient of entering into leases with tenants allow such person to bring summary proceedings without further proof of right or authority to maintain the proceeding. One cannot transfer what he/she doesn’t possess. You cannot carve out an estate, a right of possession, out of thin air. The case quoted by petitioner K.R.F. Mgt. Corp. v Bartle (NYLJ, Oct. 19, 1987, at 9, col 2 [App Term, 1st Dept]) and cited in the case of Ellwood St. Assocs. v Aquerre (NYLJ, Apr. 11, 1988, at 16, col 1 [App Term, 1st Dept]) annexed as exhibit A to petitioner’s memorandum is not contrary. In K.R.F. Mgt. Corp., the court notes ownership is not a prerequisite to maintaining a summary proceeding pursuant to RPAPL 721 as RPAPL 721 authorizes summary proceedings by the landlord or lessor. However the court goes on to state, "K.R.F. is a partnership composed of the owners of several properties and since it is authorized by its principals (i.e., the owners of the properties), to lease, as lessor, apartments in those properties, it is entitled to maintain this proceeding pursuant to RPAPL § 721.” (Emphasis added.) The above-quoted case is simply an illustration of what has been discussed in this opinion. Although not required to show ownership, a petitioner must demonstrate the right or the authority to bring the proceeding in order to prove he/she is a landlord or lessor. In K.R.F. Mgt., the court found the petitioner was authorized by the owners and was therefore entitled to maintain the proceeding.
*549 Accordingly as the petitioners herein have failed to show a right or the authority to lease the premises they have failed to prove they are in fact the landlord or lessor as predicated by RPAPL 721 and have therefore failed to prove their prima facie case. Petition dismissed without prejudice.