■ FUNDING ASSISTANCE CORP., Appellant, v MASHREQ BANK, PSC, Respondent. [717 NYS2d 46] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered June 18, 1999, dismissing the complaint and bringing up for review an order, same court and Justice, entered June 10, 1999, which, *inter alia*, granted defendant's motion to dismiss the complaint as time-barred pursuant to CPLR 214 (4), unanimously affirmed, without costs. Appeal from the order entered June 10, 1999 unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Pursuant to a November 1990 stipulation of settlement in a summary proceeding, plaintiff tenant agreed to the entry of a judgment of possession in exchange for a stay of that judgment's execution until March 1991. While plaintiff vacated in early 1991, it chose, for reasons not reflected in the record, not to take its personal property, office equipment and files, which plaintiff now claims, in this action to recover for the loss of the property left at the premises, commenced more than seven years subsequent to plaintiff's vacatur, to be worth more than $200,000.

Inasmuch as plaintiff's eviction was undisputedly carried out in accordance with a duly issued warrant, defendant, as landlord, is not liable to plaintiff tenant for damage, if any, caused by the marshal (*Campbell v Maslin*, 91 AD2d 559, *affd*

59 NY2d 722; *see also, Ide v Finn,* 196 App Div 304). Accordingly, plaintiff's complaint fails to state a cause of action against defendant.

Additionally, defendant was not and could not have been deemed a constructive bailee of plaintiff's property. This is so because prior to vacating the premises, pursuant to the judgment of possession and stipulation of settlement, plaintiff did not, at any time before the date of the execution, make any arrangements whatsoever with its landlord to keep the property in safekeeping for its benefit. The applicable Statute of Limitations (CPLR 214 [4]) for interference with possession began to accrue in 1991, when the marshal removed the property from the premises and not at the time plaintiff made its first demand for the return of the property in 1997.

We have considered plaintiff's remaining contention and find it to be unavailing. Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman, JJ.