In an action to foreclose a mortgage, the defendant Lidia Swiatkowski appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated February 17, 2011, which denied the defendants’ motion, inter alia, pursuant to CPLR 5015 (a) to vacate a judgment of the same court (Jonas, J.), entered against the defendants on October 13, 2005.
Ordered that the order is affirmed, with costs.
In this mortgage foreclosure action, a judgment of foreclosure and sale was entered against the defendants on October 13, 2005. The defendants then filed numerous successive bankruptcy petitions, staying the proceedings. After the United States Bankruptcy Court for the Eastern District of New York vacated the automatic stay with respect to the premises that are the subject of this action, the defendants moved to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a), for a stay of the sale of the premises, and for other relief. The defendants argued that the plaintiff did not have standing to commence the action due to deficiencies in the chain of mortgage assignments. The Supreme Court denied the motion. The defendant Lidia Swiatkowski appeals. We affirm.
“In order to commence a foreclosure action, the plaintiff must have a legal or equitable interest in the mortgage” (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108 [2011]). “In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced” (Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; see Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204, 207 [2009]). Where the issue of standing is raised by a defendant, a plaintiff must prove its standing to be entitled to relief (see Bank of N.Y. v Silverberg, 86 AD3d at 279; US Bank, N.A. v Collymore, 68 AD3d 752 [2009]). A defendant waives the defense of lack of standing unless it is raised in either the answer or in a pre-answer motion to dismiss the complaint (see CPLR 3211 [e]; Matter of Fossella v Dinkins, 66 NY2d 162, 167 [1985]; Dougherty v City of Rye, 63 NY2d 989, 991 [1984]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 [2007]).
*556 Here, the Supreme Court properly denied the defendants’ motion, inter alia, to vacate the judgment of foreclosure and sale based upon a lack of standing. The defendants did not make a pre-answer motion to dismiss the complaint, and did not raise lack of standing as an affirmative defense in their answer. Therefore, they waived their right to raise it in support of their motion (see CPLR 3211 [e]; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]).
To the extent that the appellant raises issues relating to the defendants’ original default on the mortgage, which resulted in the entry of a judgment against the defendants in a prior action on June 14, 1999, such contentions are not properly before this Court (see Citibank, N.A. v Swiatkowski, 98 AD3d 554 [2012] [decided herewith]). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.