■ JULIENNE SIALEU, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [1 NYS3d 287]—

In an action, inter alia, to recover damages for injury to prop-

erty, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated March 6, 2013, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against her landlord, the New York City Housing Authority (hereinafter the NYCHA), inter alia, to recover damages for injury to property. She alleged in her complaint that she was evicted from her apartment by a New York City Marshal (hereinafter the Marshal) pursuant to a warrant of eviction obtained by the NYCHA. Her belongings were removed from the apartment by the Marshal, and were stored in a storage facility. She was later restored to possession of the apartment, and her belongings were returned, but some of her belongings were missing or had been damaged. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and the Supreme Court granted that branch of the motion.

In determining a motion to dismiss under CPLR 3211 (a) (7), the court must determine "only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), by liberally construing the pleading, deeming the facts as alleged to be true, and granting the plaintiff the benefit of every possible favorable inference (*see id.*; *First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1136 [2010]; *Katz v Katz*, 55 AD3d 680, 682 [2008]; *Fast Track Funding Corp. v Perrone*, 19 AD3d 362, 362-363 [2005]).

Applying this standard, the complaint fails to state a cause of action against the NYCHA. Initially, timely service of a notice of claim is a condition precedent to the commencement of a tort action against the NYCHA (*see* General Municipal Law § 50-e [1] [a]; Public Housing Law § 157 [1]; *Stiff v City of New York*, 114 AD3d 843 [2014]; *Matter of Katsiouras v City of New York*, 106 AD3d 916 [2013]; *Decoteau v City of New York*, 97 AD3d 527 [2012]; *Matter of White v New York City Hous. Auth.*, 38 AD3d 675 [2007]). Here, the plaintiff did not allege in her complaint that she served a timely notice of claim before commencing this action (*see Hendrickson-Brown v City of White Plains*, 92 AD3d 638, 639 [2012]; *Khela v City of New York*, 91 AD3d 912 [2012]).

In any event, when an eviction is carried out in accordance with a duly issued warrant, a landlord is not liable to the tenant for any damage caused by the Marshal (*see Funding Assistance*

*Corp. v Mashreq Bank*, 277 AD2d 127 [2000]; *Campbell v Maslin*, 91 AD2d 559 [1982], *affd* 59 NY2d 722 [1983]; *cf. Burnell v Ocean Gates Assoc.*, 133 AD2d 242 [1987]). Since the plaintiff does not allege in the complaint that the warrant of eviction was not duly issued, the NYCHA is not liable to the plaintiff for any damage caused by the Marshal.

The plaintiff's remaining contentions are not properly before this Court, as they are raised for the first time on appeal (*see Williams v Yang Qi Nail Salon, Inc.*, 113 AD3d 843, 845 [2014]; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726-727 [2008]).

Accordingly, the Supreme Court properly granted that branch of the NYCHA's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.