■ WELLS FARGO BANK, NATIONAL ASSOCIATION, Respondent, v GINETTE LAVIOLETTE, Appellant, et al., Defendants. [10 NYS3d 538]—

In an action to foreclose a mortgage, the defendant Ginette Laviolette appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated March 14, 2013, which denied her motion to vacate a judgment of foreclosure and sale of the same court dated January 26, 2012, entered upon her failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage against the appellant, Ginette Laviolette, among others. The appellant failed to appear or answer the complaint and the Supreme Court granted the plaintiff's motion for an order of

reference and, thereafter, granted the plaintiff's motion for leave to enter a judgment of foreclosure and sale. The appellant moved to vacate the judgment of foreclosure and sale, and the Supreme Court denied her motion.

In her motion to vacate the judgment of foreclosure and sale, the only argument that the appellant raised was, in effect, that the plaintiff lacked standing. However, since the appellant did not answer the complaint and did not make a pre-answer motion to dismiss the complaint, she waived the defense of lack of standing (*see HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930 [2015]; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]; *Citibank, N.A. v Swiatkowski*, 98 AD3d 555, 556 [2012]).

The appellant's contention that the Supreme Court lacked personal jurisdiction over her because service of the summons and complaint was improper, raised for the first time on appeal, is not properly before this Court (*see Pineda v Elias*, 125 AD3d 738 [2015]; *Sialeu v New York City Hous. Auth.*, 124 AD3d 623 [2015]). Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.