OPINION OF THE COURT
Richard J. Montelione, J.
*1137 A bench trial commenced, and concluded in the Small Claims Part of the Civil Court on September 22, 2015. Both parties appeared pro se.
Beginning in May 2013, claimant rented a room from the defendant who also resided in the apartment. The rent was $100 per week. In short, the parties were roommates (Real Property Law § 235-f [3]; Diamond v Menasche, 141 Misc 2d 899 [Civ Ct, NY County 1988]) who also had a landlord-tenant relationship (see Redhead v Henry, 160 Misc 2d 546 [Civ Ct, Bronx County 1994]; and see also RPAPL 721 [regarding rights of defendant as a landlord to commence summary proceedings]).
The claimant testified that she left her apartment and traveled to Jamaica for vacation on or about October 20, 2014, but because of certain issues regarding her travel which arose unexpectedly, she could not immediately return to New York. Claimant communicated with defendant about her delay in returning to New York at various times in November and December 2014 and in January 2015. There is no dispute that rent was not paid since the time claimant left the country, although there is a dispute regarding whether or not rent was paid for the month of October 2014.
Sometime in late January 2015, claimant returned to New York. She testified that she contacted defendant to make arrangements for the return of her property and eventually appeared at the premises, with the police, on February 22, 2015, for that purpose. Upon entering the apartment, claimant found that defendant converted or damaged some of her property for which she seeks compensation.
The defendant counterclaims for $2,100 in unpaid rent. The defendant admitted in her testimony that she changed the lock on the apartment door and forced the removal of the lock from the claimant’s bedroom door when she was not there sometime in late January 2015. The defendant admitted that she did not commence any eviction proceedings in the Housing Part of the Civil Court.
The court credits, with some limitations, the testimony of the claimant regarding the value of certain of her personal property. (See 36 NY Jur 2d, Damages § 87 [“Personal articles; wearing apparel”; “The owner of clothing or other personal item who is familiar with its quality and condition is credited with having some knowledge of its value and may give an estimate of its value without having to qualify as an expert”].) The court also credits the testimony of the claimant regarding *1138 her estimated value of a bag of coins where she placed her loose change and therefore finds that the following damages have been sufficiently proved by the claimant:
[[Image here]]
The claimant also seeks compensation for the following items claimed as missing or damaged: scale ($80), fan ($80), TV ($400), stereo ($400-800), and furnishings (unknown). For these items, the claimant has not met her burden by showing sufficient evidence of the value of these items and her testimony alone was insufficient.
See Slepoy v Kliger (26 Misc 3d 126[A], 2009 NY Slip Op 52603 [U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]),
“Notwithstanding that a small claims court is not bound by the rules of evidence (CCA 1804), there must be some testimony regarding the ‘quality and condition’ of a possession as a basis of a claim of value (Korn v American Airlines, Inc., 11 Misc 3d 87, 88-89 [App Term, 9th & 10th Jud Dists 2006]; see Fassett v Fassett, 101 AD2d 604, 605 [1984]; Bertin v Bertin, 14 Misc 3d 144[A], 2007 Slip Op 50392 [U] [App Term, 9th & 10th Jud Dists 2007]; Moore v Fed Ex, 6 Misc 3d 128[A], 2005 NY Slip Op 50006 [U] [App Term, 1st Dept 2005]; 36 NY Jur 2d, Damages §§ 82, 87), such as its original cost, age and condition at the time of the conversion (Correa v Midtown Moving, 4 Misc 3d 135[A], 2004 NY Slip Op 50798 [U] [App Term, 1st Dept 2004]; see also Kodak v American Airlines, 9 Misc 3d 107, 110 [App Term, 9th & 10th Jud Dists 2005]), and exclusive of ‘sentimental or emotional loss consequent upon [the item’s] destruction’ (Kennedy v McKesson Co., 58 NY2d 500, 507 [1983]). Plaintiff’s proof was insufficient to establish value as to any item allegedly damaged or lost.”
*1139 Although the defendant seeks past rent, and the court generally would award rent arrears, but reduce it or set off such arrears by the amount of damages suffered by the claimant, to award rent arrears in this matter would not achieve substantial justice. The defendant failed to commence a proceeding in the Housing Part of the court to evict the claimant* and instead, through self-help, changed the locks to the apartment door and forcibly removed claimant’s bedroom door lock and entered her room. The claimant’s personal items were placed in storage by the defendant and at least some of the items were then returned to the apartment and then given to the claimant. The defendant clearly violated Administrative Code of the City of New York § 26-521 because she, in sum and substance, engaged in an unlawful eviction instead of commencing summary proceedings.
In a summary proceeding, only after the parties are afforded due process and the landlord shows entitlement to a judgment of possession, will the court order a warrant of eviction to be issued. In that event, the landlord would then have the choice of an eviction, where both the tenant and the tenant’s personal items are removed, or legal possession, where only the tenant is removed but the tenant’s personal items remain on the premises. In the latter situation, the landlord assumes responsibility for the tenant’s personal belongs (see Price v Hoyle, 82 Misc 2d 174 [Rockland County Ct 1975] [where court held there is no right to self-help citing NY Constitution, article I, § 6 that no individual may sell the property of another without permission unless there is a judicial order]; see also Abandoned Property Law § 1310; cf SITC Inc. v Riverplace I Holdings LLC, 23 Misc 3d 219 [Civ Ct, NY County 2008] [where court held that tenant may seek damages in a plenary action after an unlawful eviction]). In the former situation, when both *1140 tenant and tenant’s possessions are removed by the marshal (or sheriff, see NY City Civ Ct Act § 1609; Ettinger v Wilke, 79 Misc 2d 387 [Civ Ct, NY County 1974]), the marshal assumes the responsibility for the tenant’s personal possessions and must inventory the items. (See Funding Assistance Corp. v Mashreq Bank, 277 AD2d 127, 128 [1st Dept 2000], citing Campbell v Maslin, 91 AD2d 559 [1st Dept 1982], affd 59 NY2d 722 [1983]; see also Ide v Finn, 196 App Div 304 [1st Dept 1921].)
The following is reflected in the Marshal’s HandBook, chapter IV, § 6-4:
“Removal of Tenant’s Property “The distinction between an eviction and a legal possession is that in an eviction both the tenant and his or her personal property are removed from the premises, whereas in a legal possession the tenant is removed from the premises and his or her property remains under the care and control of the landlord as bailee for the tenant. Marshals are required to perform whichever service is desired by the landlord and may not restrict themselves to legal possessions.
“If the landlord indicates that he or she desires mere possession of the property rather than having the premises delivered to him or her in ‘broom clean’ condition, upon giving possession of the tenant’s premises to the landlord, the landlord or landlord’s representative must endorse the back of the warrant as follows:
“ ‘Possession of the tenant’s premises with the contents intact is hereby acknowledged. The landlord accepts responsibility for all the property on the premises, releases the Marshal from any liability, and agrees to save the marshal harmless from any action resulting from the enforcement of this warrant.’
“Signature of landlord, his attorney or agent” (City of New York Department of Investigation, NYC Marshals HandBook of Regulations, available at http://www.nyc.gov/html/doi/html/marshals/ handbook.shtml [accessed Sept. 23, 2015]).
Because the claimant was denied her due process, a warrant was never issued and a marshal (or NYC sheriff) was never involved in the eviction. If a marshal or sheriff had been *1141 involved, and s/he had properly executed a warrant of eviction, certain standards of care would have applied. (See Slepoy v KLiger, 26 Misc 3d 126[A], 2009 NY Slip Op 52603[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009] [where the court held, “(a) marshal must exercise reasonable care in removing property and observe regulations governing such a removal (90 NY Jur 2d, Real Property—Possessory Actions § 273; e.g. Marcado v Weinheim, 108 Misc 2d 81, 83 [1981])”].) The marshal would have been legally authorized to remove the lock to the bedroom door and would have been required to make an inventory of the items. (See NYC Marshals HandBook of Regulations, available at http://www.nyc.gov/html/doi/html/ marshals/handbook.shtml [accessed Sept. 23, 2015].) The defendant landlord would have been able to store the personal items off premises. (See Wilson v CRL Mgt., Inc., 14 Misc 3d 231, 232-233 [Rochester City Ct 2006] [where court held, “(i)f the landlord stores the property, then it seems reasonable to this court that it should be held for 30 days after which the landlord should follow the procedures outlined in UCC 7-206” (warehouseman may sell items after notice to interested parties if storage fee is not paid)]; see also Cla-Mil E. Holding Corp. v Medallion Funding Corp., 6 NY3d 375 [2006].)
Furthermore, to compound the violation of Administrative Code of the City of New York § 26-521, defendant testified that she communicated with claimant and informed claimant that her friend could pick up certain of claimant’s items but only if the rent arrears were paid. There is no legal authority for the defendant landlord to withhold the personal possessions of a claimant roommate-tenant until rent arrears are paid. In fact, the withholding of property from its lawful owner may constitute a violation of a criminal statute (Penal Law § 155.05). It is incumbent upon the landlord to obtain a judgment of possession, have a warrant of eviction executed through a marshal, and to make appropriate arrangements with the marshal regarding the removal of personal property of the tenant. There are also certain steps that must be taken to properly execute a monetary judgment against such personal property which may only legally occur through a public sale. (See CPLR 5233 [“Sale of personal property”]; see also CPLR 5234 [“Distribution of proceeds of personal property; priorities”].)
Based on the foregoing, the clerk is directed to enter judgment in favor of the claimant Faylin Facey against the defend *1142 ant Anjella Johnson for $1,125, with interest from February 22, 2015. The clerk is further directed to dismiss the complaint of claimant Anjella Johnson against defendant Faylin Facey.

 The Office of Court Administration for the State of New York has provided an array of resources, both written and online, to assist the general public in properly utilizing the resources of the court to resolve civil disputes, including disputes in Housing Court. For example, see New York State Unified Court System website,
“Starting a Roommate Holdover Case ... In General ... A roommate holdover case is brought to make a roommate leave the apartment or house that you share. You cannot lock your roommate out of the home you share without a court order. If you are a renter, to start a roommate holdover case, your roommate must rent from you not the landlord,” etc. (http:// www.nycourts.gov/COURTS/nyc/housing/holdover_roommate.shtml [accessed Sept. 23, 2015]).